[No. C039302. Third Dist. Mar. 19, 2002.]

In re RAYMOND E., a Person Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
MICHELLE R. et al., Defendants and Appellants.

[Opinion certified for partial publication.*]

_____

*Pursuant to California Rules of Court, rules 976(b) and 976.1, only the introductory paragraphs and part III of the Discussion and the Disposition are certified for publication.

614

COUNSEL

Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant Michelle R.

Alice C. Shotton, under appointment by the Court of Appeal, for Defendant and Appellant Derrick E.

Robert A. Ryan, Jr., County Counsel, and Vicki J. Finucane, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

DAVIS, J.—Michelle R. and Derrick E. (appellants), the parents of Raymond E. (the minor), appeal from an order of the juvenile court terminating their parental rights.[1] Appellants claim the court erred when it failed to find that it would be detrimental to the minor to sever their relationship with him. Michelle separately claims that the court erred when it failed to properly consider the effect of adoption on the minor's relationship with his brother. We disagree and will affirm the order terminating parental rights.

Effective January 1, 2002, the Legislature amended section 366.26, subdivision (c)(1), creating an additional exception to the termination of parental rights upon a finding of adoptability. Under new subdivision (c)(1)(E),

---

[1]Welfare and Institutions Code sections 366.26, 395. Undesignated section references are to the Welfare and Institutions Code.

the juvenile court may find a compelling reason for determining that termination of parental rights would be detrimental to the minor where "[t]here would be substantial interference with a child's sibling relationship, taking into consideration the nature and extent of the relationship, including, but not limited to, whether the child was raised with a sibling in the same home, whether the child shared significant common experiences or has existing close and strong bonds with a sibling, and whether ongoing contact is in the child's best interest, including the child's long-term emotional interest, as compared to the benefit of legal permanence through adoption."[2] In the published portion of our opinion we conclude that neither the statutory language itself nor pertinent legislative history suggests any intent to apply subdivision (c)(1)(E) of section 366.26 retroactively. Therefore, no reason exists to depart from the general presumption in the law against retroactivity.

### FACTS AND PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

In a supplemental brief, Michelle claims that a remand is required so that the juvenile court can consider the applicability of a recently enacted statutory exception to termination of parental rights upon a finding of adoptability.

Effective January 1, 2002, the Legislature amended section 366.26, subdivision (c)(1), creating an additional exception to the termination of parental rights. Under new subdivision (c)(1)(E), the juvenile court may find a compelling reason for determining that termination of parental rights would be detrimental to the minor where "[t]here would be substantial interference with a child's sibling relationship, taking into consideration the nature and extent of the relationship, including, but not limited to, whether the child was raised with a sibling in the same home, whether the child shared significant common experiences or has existing close and strong bonds with

---

[2]Statutes 2001, chapter 747, section 3.
*See footnote, *ante*, page 613.

a sibling, and whether ongoing contact is in the child's best interest, including the child's long-term emotional interest, as compared to the benefit of legal permanence through adoption."[23]

Michelle contends the "legislative history and context of the enactment of the amendment to section 366.26 shows that the Legislature intended this amendment to apply retroactively, so [she] and [the minor] should receive the benefit of the change in the law, and since the record on appeal clearly shows a strong likelihood that [Michelle's] parental rights would not have been terminated had the juvenile court considered the new section 366.26 exception to the preference for adoption, a new permanency planning hearing should be held in the juvenile court."

Ordinarily statutes are presumed to operate prospectively; a retrospective application is appropriate only where there is a clear expression of legislative intent to do so.[24] Here, Michelle does not contend that subdivision (c)(1)(E) of section 366.26 contains express language mandating retroactivity. Indeed, it does not.[25] Instead, Michelle argues the amendment is analogous to criminal statutes amended in order to lessen the punishment applied on conviction of a criminal offense. Under such circumstances, the lesser punishment is applied to cases not yet final on appeal.[26]

Michelle's analogy is inapt. By creating an additional exception to adoption based on substantial interference with a sibling relationship, the Legislature was not, as Michelle asserts, necessarily conferring a new "benefit" on parents and minors akin to a lesser punishment in the criminal context. Moreover, contrary to Michelle's claim, there is no indication the Legislature determined that some orders terminating parental rights had interfered unduly with strong sibling relationships. It is just as likely the Legislature acted simply in recognition of the importance placed recently on preserving sibling relationships and sought to provide the juvenile court with the flexibility required to address that issue.

Seeking judicial notice of Senate floor and committee analyses concerning the legislation that enacted subdivision (c)(1)(E) of section 366.26, Michelle argues those materials evince a legislative intent to apply the new law retroactively. Absent any opposition from Sacramento County Department of Health and Human Services, and in order to resolve the issue, we grant

[23]Statutes 2001, chapter 747, section 3.

[24]*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207-1208 [246 Cal.Rptr. 629, 753 P.2d 585].

[25]Statutes 2001, chapter 747.

[26]*People v. Figueroa* (1993) 20 Cal.App.4th 65, 69-70 [24 Cal.Rptr.2d 368].

Michelle's request.[27] We reviewed the materials to determine whether the issue of retroactivity was considered by the Legislature.[28]

Our examination of the legislative materials submitted by Michelle leads us to conclude that nothing contained in those materials suggests any intent to apply subdivision (c)(1)(E) of section 366.26 retroactively. Michelle argues a statement by an interest group in support of the new legislation demonstrated the urgency of the amendment. The group stated that maintaining sibling relationships was "imperative" "now and in the future."[29] Elsewhere in the materials, the word "imperative" is used in connection with a statement made by the sponsor and supporters of the legislation.[30]

Describing legislation as "imperative" does not demonstrate an intent to apply it retroactively. The word suggests no more than ascribing significance to the legislation and treating it as important. It is certainly not tantamount to a finding of the need for retroactive application.

Michelle's final argument in support of retroactivity is that the Legislature intended the amendment to be enacted along with other amendments to the dependency statutes passed into law in 2000, but the new legislation was "chaptered out by another bill." Therefore, according to Michelle, the Legislature intended the new provision to become effective on January 1, 2001, rather than January 1, 2002.

According to the legislative materials submitted by Michelle, the new amendment to section 366.26 had been "chaptered out inadvertently" by other legislation.[31] But it does not follow from that fact that the Legislature intended retroactive application of the new amendment. There simply is no indication anywhere of such an intent.

In *In re Cindy B.*, the juvenile court applied a newly amended version of former subdivision (a)(2) of Civil Code section 232 retroactively to allow

[27]Evidence Code sections 452, 459. We take judicial notice of the following legislative materials: (1) Senate Rules Committee, Office of Senate Floor Analyses, third reading analysis of Assembly Bill No. 705 (2001-2002 Reg. Sess.) as amended August 28, 2001; (2) Senate Health and Human Services Committee, Analysis of Assembly Bill No. 705 (2001-2002 Reg. Sess.) as amended June 11, 2001; and (3) Senate Judiciary Committee, Analysis of Assembly Bill No. 705 (2001-2002 Reg. Sess.) as amended June 11, 2001.

[28]Compare *Evangelatos v. Superior Court, supra*, 44 Cal.3d at page 1211.

[29]Senate Rules Committee, Office of Senate Floor Analyses, third reading analysis of Assembly Bill No. 705 (2001-2002 Reg. Sess.) as amended August 28, 2001, page 5.

[30]Senate Health and Human Services Committee, Analysis of Assembly Bill No. 705 (2001-2002 Reg. Sess.) as amended June 11, 2001, page 5.

[31]Senate Health and Human Services Committee, Analysis of Assembly Bill No. 705 (2001-2002 Reg. Sess.) as amended June 11, 2001, page 6; Senate Judiciary Committee, Analysis of Assembly Bill No. 705 (2001-2002 Reg. Sess.) as amended June 11, 2001, page 6.

termination of parental rights in that case.[32] Section 232 of the Civil Code was the predecessor statute to section 366.26. On appeal, this court reversed, finding an absence of legislative intent to make the new law retroactive and no express declaration of retroactivity.[33]

Similarly, as we have seen in this case, the amendment to section 366.26 was not accompanied by any expression of intent or language making it retroactive. Thus, no reason exists to depart from the general presumption in the law against retroactivity.[34] We therefore reject Michelle's claim.

## DISPOSITION

The order of the juvenile court terminating the parental rights of appellants is affirmed.

Scotland, P. J., and Robie, J., concurred.

On April 10, 2002, the opinion was modified to read as printed above.

---

[32]*In re Cindy B.* (1987) 192 Cal.App.3d 771, 778, 779 [237 Cal.Rptr. 677].

[33]*In re Cindy B., supra,* 192 Cal.App.3d at pages 779-782, 787.

[34]Compare *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 153 [233 Cal.Rptr. 308, 729 P.2d 743].