[No. C049391. Third Dist. Oct. 3, 2005.]

KAUFMAN & BROAD COMMUNITIES, INC., et al., Cross-Complainants and Respondents, v.
PERFORMANCE PLASTERING, INC., Cross-Defendant and Appellant.

28

## OPINION

**SIMS, J.**—Pursuant to rule 22(a) of the California Rules of Court, appellant Performance Plastering, Inc., has moved this court to take judicial notice of various documents that, in the view of appellant, constitute cognizable legislative history of a 1998 amendment to Revenue and Taxation Code section 19719 (Assembly Bill No. 1950 (1997–1998 Reg. Sess.) (Assem. Bill No. 1950)). (Stats. 1998, ch. 856, § 2.)

I

*Legislative History Generally*

Before turning to the specifics of appellant's request for judicial notice, we have some general comments about requests for judicial notice of legislative history received by this court.

Many attorneys apparently believe that every scrap of paper that is generated in the legislative process constitutes the proper subject of judicial notice. They are aided in this view by some professional legislative intent services. Consequently, it is not uncommon for this court to receive motions for judicial notice of documents that are tendered to the court in a form resembling a telephone book.[1] The various documents are not segregated and no attempt is made in a memorandum of points and authorities to justify each request for judicial notice. This must stop. And the purpose of this opinion is to help attorneys to better understand the role of legislative history and to encourage them to request judicial notice only of documents that constitute cognizable legislative history.

Preliminarily, we note that resort to legislative history is appropriate only where statutory language is ambiguous. As the California Supreme Court has said, "Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.] In determining intent, we look first to the words of the statute, giving the language its usual, ordinary meaning. If there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statute governs. [Citation.]" (*Hunt v. Superior Court* (1999) 21 Cal.4th 984, 1000 [90 Cal.Rptr.2d 236, 987 P.2d 705], followed in *Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [103 Cal.Rptr.2d 751, 16 P.3d 166]; accord, *Hoechst Celanese Corp. v. Franchise Tax Bd.* (2001) 25 Cal.4th 508, 519 [106 Cal.Rptr.2d 548, 22 P.3d 324].) Thus, "[o]nly when the language of a statute is susceptible to more than one reasonable construction

---

[1] Appellant's motion was not one of these; rather, each document was separately tabbed.

is it appropriate to turn to extrinsic aids, including the legislative history of the measure, to ascertain its meaning." (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1055 [80 Cal.Rptr.2d 828, 968 P.2d 539]; followed in *People v. Farell* (2002) 28 Cal.4th 381, 394 [121 Cal.Rptr.2d 603, 48 P.3d 1155]; accord, *Esberg v. Union Oil Co.* (2002) 28 Cal.4th 262, 269 [121 Cal.Rptr.2d 203, 47 P.3d 1069], *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1119–1120 [81 Cal. Rptr. 2d 471, 969 P.2d 564], and authorities cited therein; *Professional Engineers in Cal. Government v. State Personnel Bd.* (2001) 90 Cal.App.4th 678, 688–689 [109 Cal.Rptr.2d 375]; but see *Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 613, fn. 7 [15 Cal.Rptr.3d 793, 93 P.3d 386].)

Nonetheless, we will not require a party moving for judicial notice of legislative history materials to demonstrate the ambiguity of the subject statute at this juncture. This is so for two reasons. First, the ambiguity *vel non* of a statute will often be the central issue in a case, and parties would incur needless expense briefing the issue twice—once in a motion for judicial notice and again in a party's brief on the merits. Second, motions for judicial notice of legislative history materials are decided by writ panels of three justices who may not be the justices later adjudicating the case on the merits. The panel adjudicating the case on the merits should not be stuck with an earlier determination, by a different panel, as to the ambiguity *vel non* of a statute.

Even though we will grant motions for judicial notice of legislative history materials without a showing of statutory ambiguity, we do so with the understanding that the panel ultimately adjudicating the case may determine that the subject statute is unambiguous, so that resort to legislative history is inappropriate.

█ Even where statutory language is ambiguous, and resort to legislative history is appropriate, as a general rule in order to be cognizable, legislative history must shed light on the collegial view of the Legislature *as a whole*. (See *California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 701 [170 Cal.Rptr. 817, 621 P.2d 856].) Thus, to pick but one example, our Supreme Court has said, "We have frequently stated . . . that the statements of an individual legislator, including the author of a bill, are generally not considered in construing a statute, as the court's task is to ascertain the intent of the Legislature as a whole in adopting a piece of legislation. [Citations.]" (*Quintano v. Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1062 [48 Cal.Rptr.2d 1, 906 P.2d 1057].)

■ In order to help this court determine what constitutes properly cognizable legislative history, and what does not, in the future motions for judicial notice of legislative history materials in this court should be in the following form:[2]

1. The motion shall identify each separate document for which judicial notice is sought as a separate exhibit;

2. The moving party shall submit a memorandum of points and authorities citing authority why each such exhibit constitutes cognizable legislative history.

To aid counsel in this respect, we shall now set forth a list of legislative history documents that have been recognized by the California Supreme Court or this court as constituting cognizable legislative history together with a second list of documents that do *not* constitute cognizable legislative history in this court.

## DOCUMENTS CONSTITUTING COGNIZABLE LEGISLATIVE HISTORY IN THE COURT OF APPEAL FOR THE THIRD APPELLATE DISTRICT

**A. Ballot Pamphlets: Summaries and Arguments/Statement of Vote** (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 903 [135 Cal.Rptr.2d 30, 69 P.3d 951]; *Jahr v. Casebeer* (1999) 70 Cal.App.4th 1250, 1255–1256, 1259 [83 Cal.Rptr.2d 172]; *Aguimatang v. California State Lottery* (1991) 234 Cal.App.3d 769, 790–791 [286 Cal.Rptr. 57].)

**B. Conference Committee Reports** (*Crowl v. Commission on Professional Competence* (1990) 225 Cal.App.3d 334, 347 [275 Cal.Rptr. 86].)

**C. Different Versions of the Bill** (*Quintano v. Mercury Casualty Co., supra,* 11 Cal.4th at p. 1062, fn. 5; *People v. Watie* (2002) 100 Cal.App.4th 866, 884 [124 Cal.Rptr.2d 258]; *San Rafael Elementary School Dist. v. State Bd. of Education* (1999) 73 Cal.App.4th 1018, 1025, fn. 8 [87 Cal.Rptr.2d 67]; *People v. Patterson* (1999) 72 Cal.App.4th 438, 442–443 [84 Cal.Rptr.2d 870].)

**D. Floor Statements** (*Dowhal v. SmithKline Beecham Consumer Healthcare* (2004) 32 Cal.4th 910, 926, fn. 6 [12 Cal.Rptr.3d 262, 88 P.3d 1]; *People v.*

---

[2] The correct way to request judicial notice of a document is by motion. (Cal. Rules of Court, rule 22(a).)

*Drennan* (2000) 84 Cal.App.4th 1349, 1357–1358 [101 Cal.Rptr.2d 584]; *In re Marriage of Siller* (1986) 187 Cal.App.3d 36, 46, fn. 6 [231 Cal.Rptr. 757].)

**E. House Journals and Final Histories** (*People v. Patterson, supra,* 72 Cal.App.4th at pp. 442–443 [procedural history of bill from Assembly Final History]; *Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501, 1509 [45 Cal.Rptr.2d 805]; *Natural Resources Defense Council v. Fish & Game Com.* (1994) 28 Cal.App.4th 1104, 1117, fn. 11 [33 Cal.Rptr.2d 904] [House Conference Report]; *Rosenthal v. Hansen* (1973) 34 Cal.App.3d 754, 760 [110 Cal.Rptr. 257] [appendix to Journal of the Assembly]; *Rollins v. State of California* (1971) 14 Cal.App.3d 160, 165, fn. 8 [92 Cal.Rptr. 251] [appendix to Journal of the Senate].)

**F. Reports of the Legislative Analyst** (*Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1339–1340 [101 Cal.Rptr.2d 591]; *People v. Patterson, supra,* 72 Cal.App.4th at p. 443; *Board of Administration v. Wilson* (1997) 52 Cal.App.4th 1109, 1133 [61 Cal.Rptr.2d 207]; *Aguimatang v. California State Lottery, supra,* 234 Cal.App.3d at p. 788; *People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562 [258 Cal.Rptr. 75].)

**G. Legislative Committee Reports and Analyses** (*Hutnick v. United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 465, fn. 7 [53 Cal.Rptr. 236, 763 P.2d 1326].)

**Assembly Committee on Criminal Law and Public Safety** (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 27, fn. 13 [101 Cal.Rptr.2d 835].)

**Assembly Committee on Finance, Insurance and Commerce** (*Martin v. Wells Fargo Bank* (2001) 91 Cal.App.4th 489, 496 [110 Cal.Rptr.2d 653].)

**Assembly Committee on Governmental Organization** (*Aguimatang v. California State Lottery, supra,* 234 Cal.App.3d at p. 788.)

**Assembly Committee on Health** (*Kaiser Foundation Health Plan, Inc. v. Zingale* (2002) 99 Cal.App.4th 1018, 1025 [121 Cal.Rptr.2d 741]; *Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32, 50 [100 Cal.Rptr.2d 627]; *Zabetian v. Medical Board* (2000) 80 Cal.App.4th 462, 468 [94 Cal.Rptr.2d 917]; *Clemente v. Amundson* (1998) 60 Cal.App.4th 1094, 1106 [70 Cal.Rptr.2d 645].)

**Assembly Committee on Human Services** (*Golden Day Schools, Inc. v. Department of Education* (1999) 69 Cal.App.4th 681, 692 [81 Cal.Rptr.2d 758].)

**Assembly Committee on Insurance** (*Santangelo v. Allstate Ins. Co.* (1998) 65 Cal.App.4th 804, 814, fn. 8 [76 Cal.Rptr.2d 735].)

**Assembly Committee on Judiciary** (*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 166 [128 Cal.Rptr.2d 65]; *CalFarm Ins. Co. v. Wolf* (2001) 86 Cal.App.4th 811, 816, fn. 8, 820, fns. 27–28 [103 Cal.Rptr.2d 584]; *In re Marriage of Perry* (1998) 61 Cal.App.4th 295, 309, fn. 3 [71 Cal.Rptr.2d 499]; *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1819, fn. 5 [41 Cal.Rptr.2d 182].)

**Assembly Committee on Labor, Employment and Consumer Affairs** (*Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 138 [41 Cal.Rptr.2d 295].)

**Assembly Committee on Public Employees and Retirement** (*Board of Administration v. Wilson, supra,* 52 Cal.App.4th at p. 1133.)

**Assembly Committee on Public Safety** (*People v. Blue Chevrolet Astro* (2000) 83 Cal.App.4th 322, 329 [99 Cal.Rptr.2d 609]; *People v. Johnson* (2000) 77 Cal.App.4th 410, 419 [91 Cal.Rptr.2d 596]; *People v. Sewell* (2000) 80 Cal.App.4th 690, 695 [95 Cal.Rptr.2d 600]; *People v. Patterson, supra,* 72 Cal.App.4th at pp. 442–443; *Sommerfield v. Helmick* (1997) 57 Cal.App.4th 315, 319 [67 Cal.Rptr.2d 51]; *Ream v. Superior Court* (1996) 48 Cal.App.4th 1812, 1819, fn. 5, 1820–1821 [56 Cal.Rptr.2d 550] [interim hearing report and analysis of assembly bill]; *People v. Frye* (1994) 21 Cal.App.4th 1483, 1486 [27 Cal.Rptr.2d 52].)

**Assembly Committee on Retirement** (*Praiser v. Biggs Unified School Dist.* (2001) 87 Cal.App.4th 398, 407, fn. 16 [104 Cal.Rptr.2d 551].)

**Assembly Committee on Revenue and Tax** (*Sunrise Retirement Villa v. Dear* (1997) 58 Cal.App.4th 948, 959 [68 Cal.Rptr.2d 416].)

**Assembly Committee on Water, Parks and Wildlife** (*Natural Resources Defense Council v. Fish & Game Com., supra,* 28 Cal.App.4th at p. 1118 [bill analysis work sheet].)

**Assembly Committee on Ways and Means** (*People v. Patterson, supra,* 72 Cal.App.4th at pp. 442–443; *Clemente v. Amundson, supra,* 60 Cal.App.4th at p. 1106.)

**Assembly Interim Committee on Municipal and County Government** (*Board of Trustees v. Leach* (1968) 258 Cal.App.2d 281, 286 [65 Cal.Rptr. 588].)

**Assembly Office of Research** (*Forty-Niner Truck Plaza, Inc. v. Union Oil Co.* (1997) 58 Cal.App.4th 1261, 1273 [68 Cal.Rptr.2d 532].)

**Assembly Staff Analysis** (*Clemente v. Amundson, supra,* 60 Cal.App.4th at p. 1107.)

**Assembly Subcommittee on Health, Education and Welfare Services** (*A. H. Robins Co. v. Department of Health* (1976) 59 Cal.App.3d 903, 908–909 [130 Cal.Rptr. 901].)

**Senate Committee on Appropriations Fiscal Summary of Bill** (*People v. Patterson, supra,* 72 Cal.App.4th at p. 443.)

**Senate Committee on Business and Professions** (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 722 [3 Cal.Rptr.3d 623, 74 P.3d 726] [Senate committee staff analysis]; *Khajavi v. Feather River Anesthesia Medical Group, supra,* 84 Cal.App.4th at p. 50; *Forty-Niner Truck Plaza, Inc. v. Union Oil Co., supra,* 58 Cal.App.4th at p. 1273 [bill analysis work sheet].)

**Senate Committee on Criminal Procedure** (*People v. Blue Chevrolet Astro, supra,* 83 Cal.App.4th at p. 329.)

**Senate Committee on Education** (*Praiser v. Biggs Unified School Dist., supra,* 87 Cal.App.4th at p. 407, fn. 15; *Golden Day Schools, Inc. v. Department of Education, supra,* 69 Cal.App.4th at p. 692.)

**Senate Committee on Health and Human Services** (*In re Raymond E.* (2002) 97 Cal.App.4th 613, 617 [118 Cal.Rptr.2d 376].)

**Senate Committee on Health and Welfare** (*Zabetian v. Medical Board, supra,* 80 Cal.App.4th at p. 468; *Clemente v. Amundson, supra,* 60 Cal.App.4th at p. 1105 [request for approval of Senate bill].)

**Senate Committee on Judiciary** (*Martin v. Szeto* (2004) 32 Cal.4th 445, 450 [9 Cal.Rptr.3d 687, 84 P.3d 374] [background information]; *Boehm & Associates v. Workers' Comp. Appeals Bd.* (2003) 108 Cal.App.4th 137, 146 [133 Cal.Rptr.2d 396]; *Westly v. U. S. Bancorp* (2003) 114 Cal.App.4th 577, 583 [7 Cal.Rptr.3d 838]; *Wood v. County of San Joaquin* (2003) 111 Cal.App.4th 960, 970 [4 Cal.Rptr.3d 340]; *People v. Robinson* (2002) 104 Cal.App.4th 902, 905 [128 Cal.Rptr.2d 619]; *Guillemin v. Stein, supra,* 104 Cal.App.4th at p. 167; *In re Michael D.* (2002) 100 Cal.App.4th 115, 122–123 [121 Cal.Rptr.2d 909]; *In re Raymond E., supra,* 97 Cal.App.4th at

p. 617; *People v. Patterson, supra,* 72 Cal.App.4th at p. 443; *In re Marriage of Perry, supra,* 61 Cal.App.4th at p. 309, fn. 3.)

**Senate Committee on Revenue and Taxation** (*Heavenly Valley v. El Dorado County Bd. of Equalization, supra,* 84 Cal.App.4th at p. 1340; *Sacramento County Fire Protection Dist. v. Sacramento County Assessment Appeals Bd.* (1999) 75 Cal.App.4th 327, 335 [89 Cal.Rptr.2d 215]; *Sunrise Retirement Villa v. Dear, supra,* 58 Cal.App.4th at p. 959.)

**Senate Rules Committee** (*Guillemin v. Stein, supra,* 104 Cal.App.4th at p. 166.)

**Senate Conference Committee** (*Golden Day Schools, Inc. v. Department of Education, supra,* 69 Cal.App.4th at p. 692.)

**Senate Interim Committee on Fish and Game** (*California Trout, Inc. v. State Water Resources Control Bd.* (1989) 207 Cal.App.3d 585, 597 [255 Cal.Rptr. 184].)

**Senate Subcommittee on Mental Health** (*Clemente v. Amundson, supra,* 60 Cal.App.4th at p. 1104, fn. 10.)

**H. Legislative Counsel's Digest** (*Pacific Gas & Electric Co. v. Department of Water Resources* (2003) 112 Cal.App.4th 477, 482–483 [5 Cal.Rptr.3d 283]; *People v. Allen* (2001) 88 Cal.App.4th 986, 995 [106 Cal.Rptr.2d 253]; *Heavenly Valley v. El Dorado County Bd. of Equalization, supra,* 84 Cal.App.4th at p. 1339; *People v. Harper* (2000) 82 Cal.App.4th 1413, 1418 [98 Cal.Rptr.2d 894]; *Alt v. Superior Court* (1999) 74 Cal.App.4th 950, 959, fn. 4 [88 Cal.Rptr.2d 530]; *Construction Industry Force Account Council v. Amador Water Agency* (1999) 71 Cal.App.4th 810, 813 [84 Cal.Rptr.2d 139]; *People v. Prothero* (1997) 57 Cal.App.4th 126, 133, fn. 7 [66 Cal.Rptr.2d 779]; *Peltier v. McCloud River R.R. Co., supra,* 34 Cal.App.4th at p. 1819, fn. 5.)

**I. Legislative Counsel's Opinions/Supplementary Reports** (*Trinkle v. California State Lottery* (2003) 105 Cal.App.4th 1401, 1410, fn. 7 [129 Cal.Rptr.2d 904]; *Trinkle v. Stroh* (1997) 60 Cal.App.4th 771, 778, fn. 4 [70 Cal.Rptr.2d 661]; *People v. $31,500 United States Currency* (1995) 32 Cal.App.4th 1442, 1460–1461 [38 Cal.Rptr.2d 836].)

**J. Legislative Party Floor Commentaries**

**Senate Republican Floor Commentaries** (*Pacific Gas & Electric Co. v. Department of Water Resources, supra,* 112 Cal.App.4th at p. 498.)

## K. Official Commission Reports and Comments

**California Constitution Revision Commission** (*Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 319, fn. 18 [127 Cal.Rptr.2d 482, 58 P.3d 339] [proposed revision].)

**California State Government Organization and Economy Commission** (*Department of Personnel Administration v. Superior Court* (1992) 5 Cal.App.4th 155, 183 [6 Cal. Rpt. 2d 714].)

**California Law Revision Commission** (*Estate of Dye* (2001) 92 Cal.App.4th 966, 985 [112 Cal.Rptr.2d 362]; *Estate of Della Sala* (1999) 73 Cal.App.4th 463, 469 [86 Cal.Rptr.2d 569]; *Estate of Reeves* (1991) 233 Cal.App.3d 651, 656 [284 Cal.Rptr. 650]; *In re Marriage of Schenck* (1991) 228 Cal.App.3d 1474, 1480, fn. 2 [279 Cal.Rptr. 651].)

**L. Predecessor Bills** (*City of Richmond v. Commission on State Mandates* (1998) 64 Cal.App.4th 1190, 1199 [75 Cal.Rptr.2d 754].)

## M. Statements by Sponsors, Proponents and Opponents Communicated to the Legislature as a Whole

**Assembly Bill Digest by Assembly Speaker** (*People v. Drennan, supra,* 84 Cal.App.4th at p. 1357.)

**Floor Statement by Sponsoring Legislator** (*In re Marriage of Siller, supra,* 187 Cal.App.3d at p. 46, fn. 6.)

## N. Transcripts of Committee Hearings (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 376 [2 Cal.Rptr.3d 655, 73 P.3d 517]; *Hoechst Celanese Corp. v. Franchise Tax Bd.* (2001) 25 Cal.4th 508, 519, fn. 5 [106 Cal.Rptr.2d 548, 22 P.3d 324].)

## O. Analyses by Legislative Party Caucuses (e.g. Senate Democratic and Republican) (*People v. Allen, supra,* 88 Cal.App.4th at p. 995, fn. 16; *Golden Day Schools, Inc. v. Department of Education, supra,* 69 Cal.App.4th at p. 691–692; *Forty-Niner Truck Plaza, Inc. v. Union Oil Co., supra,* 58 Cal.App.4th at p. 1273.)

**Assembly Office of Research Report** (*Crowl v. Commission on Professional Competence, supra,* 225 Cal.App.3d at pp. 346–347 [staff report].)

**Assembly Committee on Judiciary** (*Wood v. County of San Joaquin, supra,* 111 Cal.App.4th at p. 969; *Rieger v. Arnold* (2002) 104 Cal.App.4th 451, 463 [128 Cal.Rptr.2d 295]; *Guillemin v. Stein, supra,* 104 Cal.App.4th at p. 167.)

**Office of Assembly Floor Analyses** (*People v. Patterson, supra,* 72 Cal.App.4th at p. 443.)

**Office of Senate Floor Analyses** (*Pacific Gas & Electric Co. v. Department of Water Resources, supra,* 112 Cal.App.4th at p. 497; *People v. Robinson, supra,* 104 Cal.App.4th at p. 905; *In re Raymond E., supra,* 97 Cal.App.4th at pp. 616–617; *Khajavi v. Feather River Anesthesia Medical Group, supra,* 84 Cal.App.4th at p. 50; *People v. Chavez* (1996) 44 Cal.App.4th 1144, 1155–1156 [52 Cal.Rptr.2d 347].)

**P. Enrolled Bill Reports** (*Elsner v. Uveges* (2004) 34 Cal.4th 915, 934, fn. 19 [22 Cal.Rptr.3d 530, 102 P.3d 915].)

### DOCUMENTS *NOT* CONSTITUTING LEGISLATIVE HISTORY IN THE COURT OF APPEAL FOR THE THIRD APPELLATE DISTRICT

**A. Authoring Legislator's Files, Letters, Press Releases and Statements Not Communicated to the Legislature as a Whole**

**Files** (*People v. Patterson, supra,* 72 Cal.App.4th at p. 444.)

**General** (*People v. Garcia* (2002) 28 Cal.4th 1166, 1176, fn. 5 [124 Cal.Rptr.2d 464, 52 P.3d 648].)

**Letters from Bill's Author to Governor Without An Indication the Author's Views Were Made Known to the Legislature as a Whole** (*Heavenly Valley v. El Dorado County Bd. of Equalization, supra,* 84 Cal.App.4th at p. 1340–1341; *People v. Patterson, supra,* 72 Cal.App.4th at pp. 443–444.)

**Statements By Bill's Author About Bill's Intended Purpose** (*People v. Patterson, supra,* 72 Cal.App.4th at p. 443.)

**B. Documents with Unknown Author and Purpose** (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5, 10, fn. 3 [219 Cal.Rptr. 13, 706 P.2d 1146].)

**C. Handwritten Document Copies, Without Author, Contained in Assemblymember's Files** (*Amwest Surety Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1263, fn. 13 [48 Cal.Rptr.2d 12, 906 P.2d 1112].)

**D. Letter from Consultant to the State Bar Taxation Section to Governor** (*Heavenly Valley v. El Dorado County Bd. of Equalization, supra,* 84 Cal.App.4th at pp. 1340–1341.)

**E. Letter from the Family Law Section of the State Bar of California to Assemblymember or Senator** (*In re Marriage of Pendleton & Fireman* (2000) 24 Cal.4th 39, 47 [99 Cal.Rptr.2d 278, 5 P.3d 839].)

**F. Letters to Governor Urging Signing of Bill** (*California Teachers Assn. v. San Diego Community College Dist., supra,* 28 Cal.3d at p. 701; *Heavenly Valley v. El Dorado County Bd. of Equalization, supra,* 84 Cal.App.4th at p. 1327, fn. 2.)

**G. Letters to Particular Legislators, Including Bill's Author** (*Quintano v. Mercury Casualty Co., supra,* 11 Cal.4th at p. 1062, fn. 5; *Heavenly Valley v. El Dorado County Bd. of Equalization, supra,* 84 Cal.App.4th at p. 1327, fn. 2.)

**H. Magazine Articles** (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 168 [96 Cal.Rptr.2d 518, 999 P.2d 706].)

**I. Memorandum from a Deputy District Attorney to Proponents of Assembly Bill** (*People v. Garcia, supra,* 28 Cal.4th at p. 1176, fn. 5.)

**J. Proposed Assembly Bill Which Was Withdrawn by Author** (*Heavenly Valley v. El Dorado County Bd. of Equalization, supra,* 84 Cal.App.4th at p. 1342.)

**K. State Bar's View of the Meaning of Proposed Legislation** (*Peltier v. McCloud River R.R. Co., supra,* 34 Cal.App.4th at p. 1820.)

**L. Subjective Intent Reflected by Statements of Interested Parties and Individual Legislators, Including Bill's Author, Not Communicated to Legislature as a Whole** (*Quintano v. Mercury Casualty Co., supra,* 11 Cal.4th at p. 1062; *Collins v. Department of Transportation* (2003) 114 Cal.App.4th 859, 870, fn. 11 [8 Cal.Rptr.3d 132].)

**M. Views of Individual Legislators, Staffers, and Other Interested Persons**

**Document Related to Bill from File of Assembly Committee on Ways and Means**

**Material on Bill from File of Assembly Committee on Public Safety**

**Material on Bill from File of Assembly Republican Caucus**

**Material on Bill from File of Author**

**Material on Bill from File of Office of Senate Floor Analyses**

**Material on Bill from File of Senate Committee on Appropriations**

**Material on Bill from File of Senate Committee on the Judiciary**

**Postenrollment Documents Regarding Bill** (*People v. Patterson, supra,* 72 Cal.App.4th at pp. 442–443.)

## II

### *Appellant's Specific Requests*

We now turn to the documents for which judicial notice is sought.

 A. The first document is entitled "AB 1950 (Torlakson) Construction Defect Litigation Reform [¶] Fact Sheet." Nothing in appellant's motion suggests this document was made available to the Legislature as a whole. Rather, it appears to reflect the personal view of Assemblymember Tom Torlakson. Appellant argues that judicial notice is appropriate because the document was located in the file of a legislative committee. We acknowledge that in *James v. St. Elizabeth Community Hospital* (1994) 30 Cal.App.4th 73 at page 81 [35 Cal.Rptr.2d 372], this court considered the contents of a document simply because it was found in the files of a committee. But, upon reflection, we now conclude that this practice should not be further condoned. Many pieces of paper that are never seen by members of the committee, let alone by the Legislature as a whole, find their way into committee files. Unlike committee reports, which are routinely available to the Legislature as a whole, these random documents are not reliable indicia of legislative intent. Because there is no showing that Assemblymember Torlakson's "Fact Sheet" was communicated to the Legislature as a whole, it does not constitute cognizable legislative history, and the request for judicial notice of this document is denied. (See *Quintano v. Mercury Casualty Co., supra,* 11 Cal.4th at p. 1062; *People v. Patterson, supra,* 72 Cal.App.4th at p. 444.)

B. Next is the Assembly Judiciary Committee Report dated April 21, 1998, pertaining to Assem. Bill No. 1950. The request for judicial notice is granted with respect to this document. (*Guillemin v. Stein, supra,* 104 Cal.App.4th at p. 166, and authorities cited at p. 33, *ante.*)

C. Next is the Senate Judiciary Committee Report pertaining to Assem. Bill No. 1950. The request for judicial notice is granted with respect to this document. (*Martin v. Szeto, supra,* 32 Cal.4th at p. 450, and authorities cited at p. 34, *ante.*)

40

D. Next, and finally, are three enrolled bill reports on Assem. Bill No. 1950, prepared respectively by the Office of Insurance Advisor, the Department of Real Estate, and the Franchise Tax Board.

■ Generally, "enrolled bill" refers to a bill that has passed both houses of the Legislature and that has been signed by the presiding officers of the two houses. (1 Sutherland, Statutes and Statutory Construction (6th ed. 2002) § 15:1, p. 814.) In some states, enrollment also includes signature by the Governor (*ibid.*), but not in California.

California law provides that bills ordered enrolled by the Senate or Assembly are delivered to the clerk of the house ordering the enrollment. (Gov. Code, § 9502.)[3] The clerk delivers the bills to the State Printer. (§ 9503.) The State Printer shall "engross[4] or enroll (print) them" and return them to the clerk. (§§ 9504–9505.) "If the enrolled copy of a bill or other document is found to be correct, [it shall be presented] to the proper officers for their signatures. When the officers sign their names thereon, as required by law, *it is enrolled.*" (§ 9507, italics added.) Enrolled bills are then transmitted to the Governor for his approval. (§ 9508.) If the Governor approves it and deposits it with the Secretary of State, it becomes the official record and is given a chapter number. (§ 9510.)

Thus, an enrolled bill is one that has been passed by the Senate and Assembly but has not yet been signed by the Governor.

■ An "enrolled bill report" is prepared by a department or agency in the executive branch that would be affected by the legislation. Enrolled bill reports are typically forwarded to the Governor's office before the Governor decides whether to sign the enrolled bill.

In *McDowell v. Watson* (1997) 59 Cal.App.4th 1155 at pages 1161 through 1162, footnote 3 [69 Cal.Rptr.2d 692] (*McDowell*), the Fourth Appellate District opined that enrolled bill reports should not be considered for legislative intent: "[I]t is not reasonable to infer that enrolled bill reports prepared by the executive branch for the Governor were ever read by the Legislature.

"We recognize that courts have sometimes cited the latter materials as indicia of legislative intent. [Citations.] However, none of those opinions address[es] the propriety of doing so. Accordingly, we decline to follow their example. 'Such a departure from past rules of statutory construction, we

---

[3] Further statutory references are to the Government Code.

[4] Traditionally, engrossing meant the process of final authentication in a single house. (1 Sutherland, Statutes and Statutory Construction, *supra*, § 15:1, p. 814.)

believe, should be effected only after full discussion and exposure of the issue.' (*California Teachers Assn. v. San Diego Community College Dist.* [(1981)] 28 Cal.3d 692 [170 Cal.Rptr. 817, 621 P.2d 856].)

"We also note that *Commodore Home Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 218–219 [185 Cal.Rptr. 270, 649 P.2d 912], has been relied upon as authority for considering enrolled bill reports to determine legislative intent. [Citations.] However, that reliance is misplaced, because the Supreme Court in *Commodore* specifically noted that it had been requested to take notice of those reports and that the opposing party had not objected. [Citation.] Moreover, while *Commodore* cites authority for taking judicial notice of such executive acts, it does not address the relevance of that evidence to determining legislative intent." (*McDowell, supra,* 59 Cal.App.4th at p. 1162, fn. 3; see also *Whaley v. Sony Computer Entertainment America, Inc.* (2004) 121 Cal.App.4th 479, 487, fn. 4 [17 Cal.Rptr.3d 88] [following *McDowell*].)

This court has twice followed *McDowell, supra,* 59 Cal.App.4th 1155, in declining judicial notice of enrolled bill reports. (See *Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 121, fn. 4 [113 Cal.Rptr.2d 90]; *People v. Patterson, supra,* 72 Cal.App.4th at p. 444.)

On the other hand, in *People v. Allen, supra,* 88 Cal.App.4th 986, this court said, "While enrolled bill reports prepared by the executive branch for the Governor do not necessarily demonstrate the Legislature's intent [citation], they can *corroborate* the Legislature's intent, as reflected in legislative reports, by reflecting a contemporaneous common understanding shared by participants in the legislative process from both the executive and legislative branches." (*Id.* at p. 995, fn. 19.)

And in *People v. Carmony* (2005) 127 Cal.App.4th 1066 [26 Cal.Rptr.3d 365], this court recently took judicial notice of an enrolled bill report without discussion. (*Id.* at p. 1078.)

■ For practical purposes, these inconsistencies have been resolved by a 2004 decision of our Supreme Court in *Elsner v. Uveges, supra,* 34 Cal.4th 915. There, the court took judicial notice of an enrolled bill report prepared by the Department of Industrial Relations. (*Id.* at p. 934.) The court said, "Uveges challenges Elsner's reliance on the enrolled bill report, arguing that it is irrelevant because it was prepared after passage. However, we have routinely found enrolled bill reports, prepared by a responsible agency contemporaneous with passage and before signing, instructive on matters of legislative intent. [Citations.]" (*Id.* at p. 934, fn. 19.)

We are obligated to follow *Elsner*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) We

hereby grant appellant's motion for judicial notice of the enrolled bill reports, and we leave it to the panel deciding this case to determine the extent to which these reports may be "instructive."

Nonetheless, we respectfully add that we continue to find the logic of *McDowell, supra,* 59 Cal.App.4th 1155, unassailable. In fact, enrolled bill reports cannot reflect the intent of the Legislature because they are prepared by the executive branch, and then not until after the bill has passed the Legislature and has become "enrolled." Moreover, to permit consideration of enrolled bill reports as cognizable legislative history gives the executive branch an unwarranted opportunity to determine the meaning of statutes. That is the proper and exclusive duty of the judicial branch of government. " '[T]he determination of the meaning of statutes is a judicial function . . . .' [Citation.]" (*People v. Franklin* (1999) 20 Cal.4th 249, 256 [84 Cal.Rptr.2d 241, 975 P.2d 30].)

But we do not write on a clean slate.

Scotland, P. J., and Davis, J., concurred.