Filed 4/8/16  In re J.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re J.P., a Person Coming Under the Juvenile Court Law. | C078473 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.P.,<br><br>Defendant and Appellant. | (Super. Ct. No. 69102) |

Minor J.P. appeals following the denial of his request to seal records under Welfare and Institutions Code section 786.[1]  He contends the juvenile court erred because he satisfactorily completed probation within the meaning of section 786 to trigger the mandatory sealing requirement.  We disagree and affirm.

## BACKGROUND

We dispense with a recitation of the facts because they are unnecessary to the resolution of this appeal.  It suffices to say that an amended section 602 petition alleged that J.P. committed two felony acts of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), one felony act of receiving stolen property (Pen. Code, § 496d, subd. (a)), and one misdemeanor act of being an unlicensed driver (Veh. Code, § 12500, subd. (a)).  Following his admission to receiving stolen property, J.P. was adjudged a ward of the court and committed to a juvenile detention center for a period of 90 days.  After the completion of his commitment, J.P. was released to the custody of his mother under the supervision of probation.

From February 2014 to November 2014, four separate section 777 petitions were filed alleging that J.P. had violated the conditions of his probation.  The first petition resulted in a 90-day commitment to a juvenile detention center, the second petition was discharged upon recommendation of the prosecutor, the third petition was suspended after the juvenile court found J.P. legally incompetent under section 709,[2] and the fourth petition was suspended pending J.P.'s competency training review.

---

[1]  Further undesignated statutory references are to the Welfare and Institutions Code.

[2]  Section 709 provides that "[d]uring the pendency of any juvenile proceeding, the minor's counsel or the court may express a doubt as to the minor's competency."  (§ 709, subd. (a).)  The statute further provides that if the court finds "substantial evidence raises a doubt as to the minor's competency," the proceedings must be suspended and the court must order a hearing to determine the minor's competency.  (§ 709, subds. (a), (b).)  "If the minor is found to be incompetent by a preponderance of the evidence," the

In December 2014, the juvenile court granted the prosecutor's motion to discharge the pending section 777 petitions because there was evidence that J.P. would not attain competency in the foreseeable future. In January 2015, the juvenile court granted the prosecutor's motion to dismiss the section 602 petition in the interests of justice and pursuant to section 709 based on J.P.'s incompetency. In February 2015, the juvenile court denied J.P.'s motion to seal records under section 786, finding that J.P. did not satisfactorily complete probation.

## DISCUSSION

J.P. contends the juvenile court erred by denying his request to seal records because he satisfactorily completed probation within the meaning of section 786. According to J.P., he substantially complied with the reasonable orders of probation that were within his capacity to perform (§ 786, subd. (c)) to trigger the mandatory sealing requirement. We are not persuaded.

At the time the juvenile court denied J.P.'s sealing request, section 786 provided in relevant part: "If the minor satisfactorily completes . . . probation . . . the court shall order the petition dismissed, and the arrest . . . shall be deemed not to have occurred. The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court . . . ." (§ 786.) Section 786 did not define the meaning of "satisfactorily completes" probation.

"In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.] In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.] If the statutory language is clear and unambiguous, the plain meaning of the statute governs. [Citation.]" (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056.) In other

_____

proceedings remain suspended for a reasonable period of time until it can be determined whether there is a substantial probability that the minor will attain competency in the foreseeable future while the court still retains jurisdiction. (§ 709, subd. (c).)

3

words, if there is "no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said," and it is not necessary to "resort to legislative history to determine the statute's true meaning." (*People v. Cochran* (2002) 28 Cal.4th 396, 400-401.)

We find no error. When the juvenile court denied J.P.'s sealing request, the unambiguous language of section 786 only required the court to dismiss the section 602 petition and seal records if J.P. "satisfactorily" completed his term of probation. On this record, we cannot conclude that J.P. did so. Satisfactorily is defined as: "In a way that fulfills expectations or needs; acceptably." (Oxford English Dictionaries (2015) <http://www.oxforddictionaries.com/us/definition/american-english/satisfactorily.) Here, the amended section 602 petition was not dismissed because J.P. adequately complied with the terms of his probation. Rather, the petition was dismissed in the interest of justice and pursuant to section 709 after J.P. was found to be incompetent. At the time the petition was dismissed, J.P. had admitted to violating the terms of his probation, and numerous alleged probation violations were pending.[3] Under these circumstances, the juvenile court was not required to seal J.P.'s records under section 786. We are not persuaded by J.P.'s contention that he satisfactorily completed probation because his performance on probation was "to the best of his ability," and therefore "adequate under the circumstances."

We reject the parties' assertion that remand is appropriate in light of the recent amendments to section 786. Effective January 1, 2016, section 786 provides: "If a minor

---

[3] In March 2014, J.P. admitted that he violated the conditions of his probation by failing to be at his legal residence from 8:00 p.m. to 6:00 a.m., obey all orders of the juvenile court, and obey the reasonable directives of his mother. The alleged violations pending included, among others, J.P.'s failure to be at his legal residence from 8:00 p.m. to 6:00 a.m., attend school, attend substance abuse counseling, attend gang awareness counseling, attend family counseling, complete the electronic monitoring program, and keep the probation officer informed of his living address.

satisfactorily completes . . . probation . . . the court shall order the petition dismissed. The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice." (§ 786, subd. (a).) The statute further provides: "For purposes of this section, satisfactory completion of . . . probation . . . shall be deemed to have occurred if the person has no new findings of wardship or conviction for a felony offense or a misdemeanor involving moral turpitude during the period of supervision or probation and if he or she has not failed to substantially comply with the reasonable orders of supervision or probation that are within his or her capacity to perform . . . ." (§ 786, subd. (c)(1).) J.P. argues that he satisfactorily completed probation because he substantially complied with the orders of probation that were within his capacity to perform.

"A new or amended statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively." (*People v. Ledesma* (2006) 39 Cal.4th 641, 664.) There is no expression of any intent that the amended version of section 786 operate retroactively. Nor does the rule of retroactivity announced in *In re Estrada* (1965) 63 Cal.2d 740 apply. In *Estrada*, our Supreme Court held that when the Legislature enacts a provision lessening punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed. (*Id.* at p. 748.) We conclude that section 786, as amended, does not qualify as an amendatory statute lessening punishment within the meaning of *Estrada*. The issue is whether the Legislature has deemed a lesser punishment sufficient. (*Estrada,* at p. 745; see *In re Raymond E.* (2002) 97 Cal.App.4th 613, 616-617.) Accordingly, because the amendments to section 786 do not operate to reduce punishment, we find no basis to remand under *Estrada*. In any event, J.P. failed to show that he satisfactorily completed probation even within the relaxed standard of the amended statute.

5

We note, however, that J.P. is not without a remedy. He may petition to seal records under section 781 as he is over 18 years old. (See § 781, subd. (a)(1)(A); Cal. Rules of Court, rule 5.830.)

**DISPOSITION**

The juvenile court's sealing order is affirmed.

/s/
Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Butz, J.