Filed 4/19/16  In re M.C. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | C079489 |
| THE PEOPLE, | (Super. Ct. No. JV135279) |
| Plaintiff and Respondent, | |
| v. | |
| M.C., | |
| Defendant and Appellant. | |

M.C., a minor, appeals after the juvenile court terminated her wardship and sealed the juvenile court record, but declined her request to seal all records related to the case, including all law enforcement agency records.  (Former Welf. & Inst. Code, § 786, added by Stats. 2014, ch. 249, § 2, eff. Jan. 1, 2015.)[1]  The People argue the Legislature intended former section 786 to require courts to seal only those records within the custody of the juvenile court.  We agree with the People and affirm.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2013, when M.C. was 16 years old, she shoplifted about $40 worth of earrings from Claire's Boutique. In March 2013, M.C. sold marijuana-laced cookies at her school. In September 2013, M.C. admitted to unlawfully possessing marijuana on school grounds while school was in session (Health & Saf. Code, § 11357, subd. (e)), and stealing personal property (Pen. Code, § 484, subd. (a)). M.C. was deemed a ward of the court and placed on probation under the care and custody of her father and stepmother. (§ 725, subd. (b).)

In June 2015, the juvenile court found that M.C. successfully completed probation and dismissed the petition against her. (§ 782.) M.C. requested that the court seal all records, including law enforcement agency records, pursuant to former section 786. The court sealed all juvenile court records, but denied M.C.'s request to seal all law enforcement agency records.

## DISCUSSION

Former section 786 provided: "If the minor satisfactorily completes . . . probation under Section 725 . . . , the court shall order the petition dismissed, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. *The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court*, except that the prosecuting attorney and the probation department of any county shall have access to these records after they are sealed for the limited purpose of determining whether the minor is eligible for deferred entry of judgment pursuant to Section 790." (Former § 786, italics added.) Effective January 2016, former section 786 was amended to require the court to seal "all records pertaining to [a] dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice." (§ 786, subd. (a), as amended by Stats. 2015, ch. 368, § 1, & ch. 375, § 1.5, eff. Jan. 1, 2016.)

Despite the language in former section 786 requiring courts to seal only those records "in the custody of the juvenile court," M.C. argues the Legislature intended to require the trial court to seal all law enforcement agency records. The People disagree, and so do we.

The goal of statutory construction "is to ascertain the Legislature's intent so as to effectuate the purpose of the law." (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056.) We look first " 'at the plain and commonsense meaning of the statute because it is generally the most reliable indicator of legislative intent and purpose.' " (*People v. Skiles* (2011) 51 Cal.4th 1178, 1185.) If the statutory language is clear and unambiguous, the plain meaning governs, " 'and we need not resort to legislative history to determine the statute's true meaning.' " (*Ibid*.) "[W]e do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' " (*People v. Pieters* (1991) 52 Cal.3d 894, 899.)

Here, the statutory language of former section 786 is clear and unambiguous: the documents to be sealed are those "in the custody of the juvenile court . . . ." (Former § 786.) Because the records of law enforcement agencies, the probation department, and the Department of Justice would necessarily be outside the custody of the juvenile court, the court properly denied defendant's request to seal all law enforcement agencies' records under former section 786.

This plain language reading is reinforced by the legislative history related to the recent amendments to section 786. As the Legislative Counsel's Digest explains, former section 786 "requires the court to seal all records in the custody of the juvenile court pertaining to [a] dismissed petition." In contrast, the amended section 786 effective January 2016 "would require records pertaining to those cases in the custody of law enforcement agencies, the probation department, or the Department of Justice to be sealed according to a certain procedure." (Legis. Counsel's Dig., Assem. Bill No. 666

3

(2015-2016 Reg. Sess.) Sept. 30, 2015, p. 1.)[2]

Since the Legislature did not clearly express its intent to apply the amended section 786 retroactively, the current, broader scope does not apply here. (See *In re Raymond E.* (2002) 97 Cal.App.4th 613, 616.)

### DISPOSITION[3]

The judgment is affirmed.


                                                    MURRAY            , J.

We concur:



     RAYE              , P. J.



     HULL              , J.

_____

[2] This court took judicial notice of this report on November 4, 2015, pursuant to M.C.'s second request for judicial notice.

[3] We note that M.C. is not completely without recourse. She may still seek to have the agency records sealed pursuant to section 781, subdivision (a), which provides in pertinent part: "In any case in which a petition has been filed with a juvenile court to commence proceedings to adjudge a person a ward of the court . . . the person or the county probation officer may . . . *at any time after the person has reached the age of 18 years*, petition the court for sealing of the records, including records of arrest, relating to the person's case*, in the custody of the juvenile court and probation officer and any other agencies, including law enforcement agencies*, and public officials as the petitioner alleges, in his or her petition, to have custody of the records." (Italics added.) M.C. had already reached the age of 18 when she petitioned to have her records sealed pursuant to section 786.