[No. G041281. Fourth Dist., Div. Three. Sept. 17, 2009.]

In re EDWARD Q., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
EDWARD Q., Defendant and Appellant.

## COUNSEL

R. Charles Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, James D. Dutton and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FYBEL, J.—

## INTRODUCTION

Edward Q. was alleged to have brought marijuana into juvenile hall, in violation of Penal Code section 4573. The juvenile court found the allegations against Edward true, and he appealed.

■ In a case of first impression, we hold a person who brings a controlled substance or other contraband into juvenile hall is properly charged under Welfare and Institutions Code section 871.5, not Penal Code section 4573. We therefore reverse and remand.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On September 18, 2008, the district attorney filed a subsequent delinquency petition (the second petition) alleging Edward had committed second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c) [count 1]); committed battery on a peace officer (*id.*, § 243, subd. (b) [count 2]); and resisted arrest (*id.*, § 148, subd. (a)(1) [count 3]).[1] Edward was remanded to the custody of the sheriff, and detained at juvenile hall.

Edward underwent a standard search at the intake and release center at juvenile hall. A deputy juvenile correctional officer found a small baggie containing a usable amount of marijuana concealed in Edward's shoe. Edward told the officer he had loaned his shoes to a friend, who had returned them to Edward the previous night by handing them through a window. Edward claimed he did not know the baggie of marijuana was in his shoe.

The district attorney filed a third petition against Edward, alleging he had violated Penal Code section 4573 by knowingly bringing a controlled substance into juvenile hall.

The juvenile court found the allegations of the third petition and the allegations of counts 1 and 3 of the second petition true beyond a reasonable doubt, and declared Edward a ward of the court.[2] Edward was committed to

---

[1] A delinquency petition was filed against Edward in a separate matter in August 2007. That petition was dismissed on March 4, 2008. The two petitions in the current matter are referred to in the appellate record as the second and third petitions; we will use the same terminology in this opinion.

[2] Count 2 of the second petition was dismissed.

juvenile hall for a period of 90 days, with credit for 37 days previously served, and this appeal followed.

DISCUSSION

Edward argues the juvenile court improperly found the allegations of the third petition true because he did not voluntarily, affirmatively, or knowingly enter juvenile hall while in possession of marijuana. He does not challenge the juvenile court's findings on counts 1 and 3 of the second petition, by which the allegations of robbery and resisting arrest were sustained.

The third petition charged Edward with violating Penal Code section 4573, which reads, in relevant part: "[A]ny person, who knowingly brings or sends into, or knowingly assists in bringing into, or sending into, any state prison, prison road camp, prison forestry camp, or other prison camp or prison farm or any other place where prisoners of the state are located under the custody of prison officials, officers or employees, or into any county, city and county, or city jail, road camp, farm or other place where prisoners or inmates are located under custody of any sheriff, chief of police, peace officer, probation officer or employees, or within the grounds belonging to the institution, any controlled substance, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code . . . is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years."

Welfare and Institutions Code section 871.5, subdivision (a) applies specifically to juvenile institutions, and reads, in relevant part: "[A]ny person who knowingly brings or sends into, or who knowingly assists in bringing into, or sending into, any county juvenile hall, ranch, camp, or forestry camp, or any person who while confined in any of those institutions possesses therein, any controlled substance, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code . . . shall be punished by imprisonment in a county jail for not more than one year or by imprisonment in the state prison."

■ Marijuana is listed as a division 10 controlled substance, under Health and Safety Code section 11054, subdivision (d)(13), and is therefore prohibited by both Penal Code section 4573 and Welfare and Institutions Code section 871.5, subdivision (a).

We invited the parties to file supplemental letter briefs addressing whether Edward was charged under the correct statute, and if he was not, what the proper remedy would be.

Both parties agree that Edward was erroneously charged under Penal Code section 4573. The plain language of the two statutes makes clear that bringing

marijuana into juvenile hall is covered by Welfare and Institutions Code section 871.5, subdivision (a), not Penal Code section 4573.

■ Because the language of Penal Code section 4573 and Welfare and Institutions Code section 871.5 is clear and unambiguous, we need not rely on the legislative history of section 871.5. (*Ste. Marie v. Riverside County Regional Park & Open-Space Dist.* (2009) 46 Cal.4th 282, ·290 [93 Cal.Rptr.3d 369, 206 P.3d 739]; *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 29 [34 Cal.Rptr.3d 520] (*Kaufman & Broad*).) The legislative history nevertheless supports our conclusion.[3] The Legislative Counsel's Digest for Senate Bill No. 303, which added Welfare and Institutions Code section 871.5, reads in relevant part, as follows: "There is no provision of existing law specifically prohibiting a person from bringing or sending controlled substances . . . into an institution, camp, or juvenile hall administered by a county. [¶] This bill would provide that such conduct is a crime punishable either as a felony or a misdemeanor." (Legis. Counsel's Dig., Sen. Bill No. 303 (1981–1982 Reg. Sess.) 4 Stats. 1981, Summary Dig., p. 310.) Edward was charged under an inapplicable statute and the juvenile court's true finding on the third petition must be reversed.

■ The issue then becomes, what is the appropriate remedy? The Attorney General suggests that we modify the dispositional order to reflect the juvenile court made a true finding under Welfare and Institutions Code section 871.5, subdivision (a), rather than Penal Code section 4573. In support of this argument, the Attorney General cites Penal Code section 1260 and *People v. Navarro* (2007) 40 Cal.4th 668, 677 [54 Cal.Rptr.3d 766, 151 P.3d 1177], for the proposition that a judgment or dispositional order may be modified on appeal to reflect a conviction on a lesser included offense where there is sufficient evidence to support such a lesser included, but not the greater, offense. The Attorney General, however, concedes that a violation of Welfare and Institutions Code section 871.5 is not a lesser included offense of a violation of Penal Code section 4573.

We conclude the matter must be remanded for a new dispositional hearing, considering only counts 1 and 3 of the second petition. We do not address in

---

[3] We grant in part and deny in part the Attorney General's request for judicial notice. We grant the request with respect to three of the documents attached to the request: (1) California Department of Finance, Enrolled Bill Report on Senate Bill No. 303 (1981–1982 Reg. Sess.) September 25, 1981, page 1 (exhibit A); (2) Legislative Counsel's Digest of Senate Bill No. 303 (1981–1982 Reg. Sess.) (exhibit C); and (3) Assembly Committee on Criminal Justice, Analysis of Senate Bill No. 303 (1981–1982 Reg. Sess.) June 8, 1981 (exhibit D). (See *Kaufman & Broad, supra,* 133 Cal.App.4th at pp. 31–32, 35, 41–42.) We deny the request to take judicial notice of exhibit B, which the Attorney General claims is a report from the Senate Committee on the Judiciary. Because the Attorney General has provided an incomplete copy of the document, we cannot determine whether it is an appropriate matter for judicial notice.

this opinion whether jeopardy has attached for purposes of charging Edward with violation of Welfare and Institutions Code section 871.5, or any other issues with regard to any charges that might be brought against Edward under section 871.5. Those issues were raised for the first time in the parties' respective supplemental letter briefs.

DISPOSITION

The dispositional order is reversed as to the third petition, and the matter is remanded for a new dispositional hearing regarding counts 1 and 3 of the second petition.

Sills, P. J., and Aronson, J., concurred.