[No. C023886. Third Dist. July 30, 1997.]

CRAIG SOMMERFIELD, Plaintiff and Respondent, v.
DWIGHT HELMICK, JR., as Deputy Commissioner, etc., Defendant and
Appellant.

**COUNSEL**

Daniel E. Lungren, Attorney General, Martin H. Milas, Assistant Attorney General, Marybelle D. Archibald, Linda Spaulding and Kim M. Settles, Deputy Attorneys General, for Defendant and Appellant.

Stephen M. Fiegel for Plaintiff and Respondent.

## OPINION

**RAYE, J.**—Retired police officers, pursuant to Penal Code section 12027.1, may apply for authorization to carry a concealed firearm.[1] Following a hearing, appellant Dwight Helmick, Jr., Deputy Commissioner of the Department of California Highway Patrol (Department) denied respondent Craig Sommerfield's request for certification to carry a concealed firearm. Sommerfield filed a petition for a writ of mandate in superior court, arguing the Department's hearing process denied him due process by denying him right to counsel, the right to call and cross-examine witnesses, and the right to present evidence other than his own testimony. The trial court granted Sommerfield's petition, directing the Department to set aside the hearing board's decision and remanding the matter for an arbitration proceeding. The Department appeals, arguing section 12027.1 does not provide for arbitration, but does provide for a limited hearing. According to the Department, the trial court erred in imposing its own evidentiary requirements on the statute's hearing procedure. We agree and shall reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Sommerfield worked for the Department as a state traffic officer from April 25, 1988, until November 30, 1992, when he was involved in an on-duty motorcycle accident. The accident left Sommerfield seriously injured, and prevented him from returning to work.

On June 28, 1993, while on disability leave, plaintiff went jet skiing. Following a boating accident in which a teenager suffered injuries, the local sheriff's department notified Sommerfield of pending criminal charges. The charges included negligent and reckless operation of a jet ski and providing false information to a police officer.[2] Sommerfield also failed to notify the Department of the charges as required.

Three months later the Department notified Sommerfield of its investigation of his off-duty misconduct. On November 29, 1993, Sommerfield filed an application for disability retirement. The Department completed its investigation of the jet ski accident and notified Sommerfield on January 14, 1994, that he was dismissed as a state traffic officer effective February 1, 1994. The California Public Employees' Retirement System (PERS) granted Sommerfield's disability retirement effective February 1, 1994.

In January 1994 Sommerfield appealed his dismissal to the State Personnel Board. An administrative law judge found Sommerfield could not be

---

[1] All further references to the Penal Code unless otherwise noted.

[2] Harbors and Navigation Code section 655, subdivision (a) and Penal Code section 148.9.

dismissed effective February 1, 1994, because the Department can only dismiss employees. Sommerfield was classified as a retiree on the date of his dismissal. The State Personnel Board adopted the decision.

On February 28, 1995, Sommerfield requested authorization from the Department to carry a concealed firearm. The Department denied the request. Sommerfield appealed the denial. The Department held a hearing before a three-member board consisting of Sommerfield's attorney, the Department's Deputy Commissioner Helmick and a neutral party selected jointly by Sommerfield and the Department. The hearing was not recorded.

The conduct of this hearing led to the present appeal. The Department describes the hearing process as "informal" without formal rules of evidence or use of witnesses. Sommerfield contends the Department denied him the opportunity to call and cross-examine witnesses and the right to an attorney. Following the hearing, the three-member board denied Sommerfield's request to carry a concealed firearm.

Sommerfield filed a petition for writ of mandate, seeking to vacate the board's decision and require the Department to grant him authorization to carry a concealed weapon. During oral argument on the petition, the court inquired as to how the three-member board made its decision. The Department responded that it provided a summary of the accusation against Sommerfield stemming from the jet ski accident. The court questioned whether the accusation filed against Sommerfield contained uncontroverted facts or whether the board needed to hear evidence. Sommerfield pointed out he had not challenged the accusation because he had retired. The court concluded under section 12027.1, the Department must hold a hearing, similar to that of an arbitration proceeding. According to the court, the·petitioner should be allowed to tell his side of the story in order to allow the board to determine the facts.

The court agreed with the Department that the right to carry a concealed weapon was not a "fundamental right" but concluded "any public entity has a duty to fulfill some modicum of fairness in this proceeding, and to say you don't get to call a witness, you don't get to present documents . . . and then a decision is going to be made . . . . [¶] But just at the bare minimum, you would get to do something, it seems to me, present evidence, present a declaration." The court stated it believed the Legislature, in enacting section 12027.1 intended a proceeding similar to an arbitration proceeding. Accordingly, the court granted Sommerfield's petition and remanded the case for an arbitration hearing. Following entry of judgment, the Department filed a timely notice of appeal.

## Discussion

Section 12027.1 governs authorization of permits for concealed weapons for retired police officers. Subdivision (b)(1) states "an endorsement may be revoked or denied by the issuing agency only upon a showing of good cause. Good cause shall be determined at a hearing, as specified in subdivision (d)." Subdivision (d) states: "Any hearing conducted under this section shall be held before a three-member hearing board. One member of the board shall be selected by the agency and one member shall be selected by the retired peace officer or his or her employee organization. The third member shall be selected jointly by the agency and the retired peace officer or his or her employee organization. [¶] Any decision by the board shall be binding on the agency and the retired peace officer."

■ The Department argues the legislative history indicates the purpose of section 12027.1 was to remove the discretion from the police chief and place it in the hands of a three-member board. The Senate Rules Committee's reading of the proposed bill states, "under current law, the right of a retired officer to carry a concealed weapon is essentially subject to the discretion of the sheriff or chief of police of the agency in which he or she formerly served. They [Organization of Police and Sheriffs] fear that such broad discretion may result in abuse by some commanding officers who base their decisions on subjective attitudes toward a former employee rather than an objective assessment of service or conduct. Therefore, they propose to establish statutorily the grounds for denying or revoking the privilege, and to ensure due process by requiring a hearing before a balanced board to determine whether or not such cause exists for denial or revocation." (Sen. Rules Com., Office of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 3446 (1987-1988 Reg. Sess.) p. 2.)[3]

In describing the purpose of the bill, the Assembly Committee on Public Safety stated, "A good cause hearing would cure some of these abuses and provide a fairer procedure for deciding which retired peace officers shall be permitted to carry a concealed firearm." (Assem. Com. on Pub. Safety, Analysis of Assem. Bill No. 3446 (1987-1988 Reg. Sess.) (Apr. 4, 1988) p. 2.)

The trial court remanded the matter for arbitration. The Department argues the trial court erred in substituting the word "arbitration" for the word "hearing," and thus rewriting the statute to "conform to a presumed intention which is not expressed." Sommerfield agrees that section 12027.1 provides for a hearing, not an arbitration proceeding, but argues there is little practical difference between an arbitration and a hearing.

---

[3]We granted the Department's request for judicial notice on October 31, 1996.

We find the Department's position persuasive. Section 12027.1, subdivision (d) explicitly calls for a hearing before a three-member hearing board, *not* a neutral arbitrator. We agree that the trial court erred in remanding for an arbitration hearing.

Sommerfield contends even if the trial court's call for an arbitration hearing was error, the case should be remanded for a full hearing. In this hearing, Sommerfield would have the right to counsel, the right to call and cross-examine witnesses and the right to present evidence other than his own testimony. The Department contends section 12027.1 contemplates only a limited hearing.

The trial court interpreted section 12027.1, subdivision (d) to require a full evidentiary hearing complete with the presentation of witnesses, declarations and documents. However, as the Department points out, the Assembly Committee on Public Safety analyzed section 12027.1 as requiring "a limited hearing process." (Assem. Com. on Pub. Safety, Analysis of Assem. Bill No. 141 (1993-1994 Reg. Sess.) as amended Mar. 11, 1993.) The Department's manual describes the hearing as "informal in nature, with both the Department and retiring or retired peace officer provided the opportunity to present information which deals solely with the issue of the officer's ability to responsibly and lawfully exercise concealed firearm privilege as a retired peace officer."

The Department contends Sommerfield received the hearing contemplated by section 12027.1. Sommerfield appeared before a three-member board composed of his attorney, the Department's deputy commissioner, and a neutral third party. Sommerfield was permitted to explain to the hearing board why he was entitled to carry a concealed weapon, and establish that he was entitled to the privilege. According to the Department, Sommerfield was able to "speak his peace [*sic*]."

■ The exercise of discretion to grant or deny a license, permit or other type of application is a quasi-judicial function. The exercise of a quasi-judicial power requires an impartial decision maker and must satisfy at least minimal requirements of procedural due process. Procedural due process is a flexible concept that does not establish universally applicable procedures for the resolution of all types of issues. The process which is due may depend upon a variety of factors, including the nature of the interest involved, the nature of the proceeding and the possible burden on that proceeding. While the types of procedures which are sufficient are variable with the type of action, minimum due process requires some form of notice and an opportunity to respond. (*B.C. Cotton, Inc.* v. *Voss* (1995) 33 Cal.App.4th 929, 953-954 [39 Cal.Rptr.2d 484].)

Sommerfield contends the Department hearing process denied him a fair opportunity to establish his entitlement to a gun permit. According to Sommerfield, "Essentially, there was no 'hearing.'" We disagree.

Sommerfield, in his memorandum of points and authorities in support of petition for writ of mandate, described the hearing: "During the hearing, Mr. Sommerfield cooperated fully with the board, answering all questions asked regarding the off-duty [jet ski] incident. He also presented evidence refuting the credibility of the Internal Affairs investigators who handled the investigation of the incident. Unfortunately, the hearing was informal; with no formal rules of evidence or use of witnesses."

We find the Department provided Sommerfield with the opportunity to be heard and to respond to the Department's reasons for denying the permit. The primary purpose of section 12027.1 was to provide a neutral hearing panel to determine whether good cause existed to deny the applicant a concealed weapon permit. The statute and the underlying legislative history do not contemplate a full-blown hearing complete with witnesses, formal rules of evidence and representation by counsel. The Department's procedure comported with the requirements of section 12027.1, subdivision (d).[4]

Sommerfield contends, even if the Department met procedural requirements, the three-member board erred in finding good cause sufficient to deny him a permit. According to Sommerfield, the board denied the permit based on unproven allegations of misconduct, and on his nolo contendere plea to misdemeanor charges stemming from the jet ski incident. The Department argues substantial evidence other than the allegations and Sommerfield's plea support a finding of good cause.

Section 12027.1, subdivision (a)(2) states: "A retired peace officer may have his or her privilege to carry a concealed and loaded firearm revoked or denied by violating any departmental rule, or state or federal law that, if violated by an officer on active duty, would result in that officer's arrest, suspension, or removal from the agency." As the Department notes, it requires immediate notification by employees of a criminal investigation. Sommerfield admitted he failed to report the pending criminal proceedings

---

[4]In *San Jose Police Officers Assn.* v. *City of San Jose* (1988) 199 Cal.App.3d 1471 [245 Cal.Rptr. 728], the court considered prior section 12027, which allowed the chief of police to deny a permit for "good cause." Based on the due process clause of the California Constitution, the court in *San Jose* concluded that due process did not require a full adversary evidentiary hearing before a neutral third party and found the opportunity to be heard orally was sufficient. (199 Cal.App.3d at pp. 1478-1486.) Following *San Jose*, the Legislature enacted section 12027.1, subdivision (d) creating a three-member board to ensure an applicant receives a fair hearing.

against him. The Department completed an investigation into the jet ski accident and prepared to dismiss Sommerfield. Only Sommerfield's opportune retirement prevented his dismissal. As the court in *San Jose Police Officers Assn.* v. *City of San Jose, supra,* 199 Cal.App.3d at page 1481 noted, "Because the need for a concealed weapon does not inevitably follow from a police officer's prior service, relatively slight factors may tilt the balance in favor of finding good cause to deny." We find substantial evidence supports the board's finding of good cause.

## DISPOSITION

The judgment is reversed and the trial court is directed to enter judgment denying the petition for writ of mandate. Appellant shall recover costs on appeal.

Nicholson, Acting P. J., and Morrison, J., concurred.