Filed 7/11/14  Owens v. CA Dept. of Corrections and Rehabilitation CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| FRED OWENS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendant and Respondent. | B249560<br><br>(Los Angeles County<br>Super. Ct. No. BS135813) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Luis A. Lavin, Judge.  Affirmed.

Law Offices of Michael A. Morguess, Michael A. Morguess for Plaintiff and Appellant.

California Department of Corrections and Rehabilitation, Stephen A. Jennings, Staff Counsel IV, for Defendant and Respondent.

**INTRODUCTION**

Petitioner and appellant Fred Owens (petitioner) appeals from a denial of a petition for writ of mandate to compel the defendant and respondent California Department of Corrections and Rehabilitation (the Department) to authorize Owens, a retired parole agent, to carry a firearm. We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

We set forth the Factual and Procedural Background from our prior opinion involving the same parties to a dispute over the same subject matter (B215479).

"Petitioner commenced employment with the Department (at that time, the Department of Youth Authority) on August 9, 1976, and was appointed as a Youth Counselor. On June 25, 1980, petitioner was appointed to a Senior Youth Counselor position, and on May 18, 1987, he was promoted to the position of a Parole Agent 1.

"On November 4, 1999, the Department revoked petitioner's license to carry a firearm citing Parole Services Manual section 2800 and Youth Authority Manual sections 5700 through 5780. The revocation included both on and off duty firearms. The revocation also provided that petitioner's license to carry a firearm may be reinstated upon future evaluation.

"On April 13, 2000, petitioner was dismissed as a Parole Agent from the Department based upon violations of Government Code sections 19572, subdivisions (d) (inexcusable neglect of duty), (f) (dishonesty), (o) (willful disobedience), (r) (violations of the prohibitions set forth in accordance with Government Code section 19990), and (t) (other failure of good behavior). Petitioner appealed his dismissal to the State Personnel Board and was given a full evidentiary hearing. In its March 16, 2001, decision, the Board modified the penalty from a dismissal to a demotion from the classification of Parole Agent 1 to the classification Senior Youth Correctional Counselor.

2

"On or about April 16, 2002, the California State Personnel Board approved a Stipulation for Settlement (or 'Stipulation and Release') between petitioner and the Department that, inter alia, allowed petitioner to retire from the Parole Agent 1 classification effective May 1, 2001, in exchange for petitioner's agreement not to work for, apply to, or accept employment with the 'Youth and Adult Corrections Agency, including, but not limited to the Department and the Department of Corrections.' The Department also agreed to remove the Notice of Adverse Action, and all supporting documentation, from petitioner's personnel file as of May 1, 2001.

"Thereafter, petitioner filed the original application for a CCW endorsement. The Department denied that application on June 4, 2002, citing sections 12027[1] (exemption, inter alia, for honorably retired peace officer from prohibitions on carrying concealed weapon) and 12031, subdivision (b)(1) (penalties for carrying concealed weapon not applicable to, inter alia, honorably retired peace officer). The Department also cited from 'Conditions and Requirements to Carry a Concealed or Loaded Firearm' ('endorsement shall not be authorized for a correctional peace officer returning under other than honorable conditions . . . .'). The denial letter included instructions to petitioner regarding his appeal rights, specifically advising that to appeal the denial, he would have fifteen (15) calendar days to submit an appeal in writing stating an explanation to the Director as to why the denial was not warranted.

"On June 14, 2002, petitioner's attorney wrote a letter to the Director requesting a reversal of the June 4, 2002, denial. He did not specifically request a hearing. The trial court viewed the letter as the equivalent of a request for a hearing. In his letter, petitioner's attorney argued, among other things, that the Department based its denial on false information that petitioner was under investigation at the time his retirement was deemed effective. The Department did not respond to the June 14, 2002, appeal letter, and petitioner did not have an opportunity to be heard regarding the original application

---

**1**     Unless otherwise noted statutory references are to the Penal Code.

or the denial of it.  Petitioner, however, did not further pursue the appeal from the denial of his original application or seek writ relief in the trial court.

"Instead, on November 16, 2004, petitioner again applied to the Department, incorrectly stating it was an 'Initial application for endorsement to carry a concealed firearm.'  He did not explicitly request a hearing.  On June 28, 2005, the Department denied petitioner's second application.  The denial letter cited the 'good cause' definition in the Department of the Youth Authority Administrative Manual section 5828 that reads: 'The retiree is discovered to have been involved in act(s) of misconduct which occurred during regular service that may have reasonably resulted in adverse action.'  The denial letter also stated that if petitioner wanted to appeal the decision, he would need to submit a written appeal within fifteen (15) calendar days from the date petitioner received the letter.

"On July 7, 2005, petitioner's attorney submitted a letter to the Department requesting an appeal of the June 28, 2005, denial of the second application.  In this appeal, petitioner sought a description of the specific acts of misconduct alluded to in the Department's June 28, 2005, letter.  No hearing was specifically requested.  Again, the trial court stated that the letter should be deemed a request for a hearing.  On July 21, 2005, the Department denied petitioner's appeal of the second application.  This denial cited sections 12027 and 12031, specifically stating that an employing agency can deny or revoke a CCW endorsement for 'good cause.'  The letter then provided the Department of Youth Authority Administrative Manual section 5828 definition of 'good cause' as used in the denial letter of June 28, 2005.  The Department cited the May 2000 Notice of Adverse Action (dismissal 'for numerous acts of misconduct') as the reason for the 'good cause' denial.  The Department concluded this letter by stating that if petitioner had any new information to be considered, he should submit a request for reconsideration.

"On August 3, 2005, petitioner personally submitted a letter seeking reconsideration of the denial of the second application on the grounds that the

4

Department had relied on false information. Petitioner explained that he was not under investigation at the time he submitted his second application, he voluntarily retired, and that the Notice of Adverse Action had been withdrawn by the Department. On August 25, 2005, the Department sent a letter to petitioner stating that no new information was provided relevant to the decision regarding a CCW endorsement, and that 'good cause' existed for the denial of the second application.

"On November 18, 2005, petitioner's attorney submitted a letter to the Department requesting that a hearing be conducted pursuant to section 12027.1, subdivision (d) before a three (3) member panel board. Petitioner also requested that 'good cause' be determined at the time and date of the hearing because determining 'good cause' from time of the Notice of Adverse Action in 2000 would be too remote.

"On August 10, 2006, the Department sent a letter to petitioner granting the request for a 'good cause' hearing. In this letter, the Department notified petitioner of the members of the three (3) panel board chosen by the Department, and gave petitioner information on scheduling the hearing. On September 12, 2006, the Department scheduled a 'good cause' hearing to take place in Glendale, California. But the Department postponed the hearing pending verification of the issue of when 'good cause' should be determined, specifically, whether it should be determined by looking back at 1999 when petitioner's permit was originally revoked, or at the time petitioner was served Notice of Adverse Actions in April 13, 2000, or at the time of the 'good cause' hearing (September 12, 2006), as petitioner requested. Petitioner did not have an opportunity to be heard at this hearing prior to its postponement.

"On March 14, 2007, the California Correctional Peace Officers Association (CCPOA), on behalf of petitioner, sent a letter to the Department inquiring whether the issue as to when 'good cause' would be determined had been resolved and seeking to reschedule a hearing. The latter stated, 'appellant is now, with this letter, submitting a new request to have his revoked CCW permit of November 4, 1999 be reinstated.' There is no record of a response to this letter by the Department.

5

"On February 22, 2008, the CCPOA on behalf of petitioner sent a letter to the Department requesting a CCW endorsement and a 'good cause' hearing.  The letter also stated, 'please consider appellant's new request for reinstatement of his CCW.'  On May 28, 2008, the Department responded denying both the request for a CCW endorsement and the request for a 'good cause' hearing.  In denying the request for a CCW endorsement, the letter cited to the Department's policies codified in the Department Operational Manual and case law stating that an employee cannot reapply for a CCW endorsement once it has been denied or revoked.  The letter cited to the Department of Youth Authority Administrative Manual section 5828, and the Notice of Adverse Action of April 13, 2000, to show the acts of misconduct that supported the finding of 'good cause.'  Additionally, the letter denied the request for a 'good cause' hearing, stating that under section 12027.1, defendant had no obligation to provide petitioner with a 'good cause' hearing.

"While employed with the Department, petitioner was at all times a peace officer within the meaning of section 830.5, and was deemed to have retired honorably from his position.

"On September 17, 2008, petitioner filed his verified petition for writ of mandamus seeking an order compelling the Department to conduct a hearing before a three-member panel to review the propriety of the denial of his application for a CCW endorsement.  In addition to being verified under oath, the petition included 16 documentary exhibits.  The Department responded by filing an answer and a short memorandum of points and authorities, but did not submit any declarations, documentary exhibits, or other evidence in support of its opposition to the petition.  The Department in the answer pleaded two affirmative defenses:  laches and untimeliness 'under any conceivable statute of limitations.'

"At the hearing on the petition, the trial court denied the petition for a writ on the grounds that a retired peace officer may only apply once for a CCW endorsement and that petitioner's claim that he was denied his right to a hearing was barred by the doctrine

6

of laches. In its tentative ruling, which it adopted, the trial court stated, 'Owens clearly is guilty of laches in failing to seek mandamus to compel the Department to grant him a three-member hearing board on the denial of his 2002 application.' The trial court said that petitioner is not barred by laches as to his 2004 application, but that he could not reapply for the CCW endorsement. 'His laches with respect to the first denial is binding; he cannot reapply and seek a three-member hearing when a new application is denied.'" Petitioner appealed from the denial of his petition and we reversed.

On remand, petitioner was accorded "a good cause hearing" before a three-person panel, including a member selected by petitioner. That panel concluded that there was good cause to deny petitioner's application to carry a concealed weapon. (§ 12027, subd. (a)(1)(A).[2])

Petitioner filed in the trial court a petition for a writ of mandate to set aside the decision denying his application to carry a concealed weapon. ~(AA 3)~ The trial court denied the petition. The trial court said that mandamus would not lie from a decision by the "good cause" panel. It also concluded that the panel's decision was supported by substantial evidence. A judgment denying the petition for writ of mandate was entered, and petitioner appealed.

## DISCUSSION

### A.    Standard of Review

Whether mandamus is an available remedy is an issue of law we review de novo. (*Zubarau v. City of Palmdale* (2011) 192 Cal.App.4th 289, 305.) We review the trial court's Code of Civil Procedure section 1094.5 administrative mandamus decision under the substantial evidence test. (*JKH Enterprises, Inc. v. Department of Industrial Relations* (2006) 142 Cal.App.4th 1046, 1058.) We review a traditional writ of mandate brought under Code of Civil Procedure section 1085 under the abuse of discretion test,

---

**2**      Now section 26320.

7

unless the case involves the resolution of questions of law, in which event review would be de novo. (*O.W.L. Foundation v. City of Rohnert Park* (2008) 168 Cal.App.4th 568, 585-586; but see *Corrales v. Bradstreet* (2007) 153 Cal.App.4th 33, 47-48.)

### B.    Mandamus Review

As the Department argued, the trial court concluded that there was no relief by way of mandamus from a determination by the panel to deny permission to a retired peace officer to carry a concealed weapon. Section 12027.1, subdivision (b)(1)[3] provided that a retired peace officer may have a certificate authorizing the officer to carry a concealed weapon revoked or denied by the issuing agency "only upon a showing of good cause. Good cause shall be determined at a hearing, as specified in subdivision (d)." Subdivision (d) provides, "Any hearing conducted under this section shall be held before a three-member hearing board. One member of the board shall be selected by the agency and one member shall be selected by the retired peace officer or his or her employee organization. The third member shall be selected jointly by the agency and the retired peace officer or his or her employee organization. Any decision by the board shall be binding on the agency and the retired peace officer."

The purpose of the legislation providing for the procedures was to remove the discretion to deny an application for a concealed weapon from the police chief and place the issue before a three-member board (Assem. Com. on Pub. Safety, Analysis of Assembly Bill No. 3446 (1987-1988) Reg. Sess.) (April 4, 1988, p. 2).) The proceeding before the Board was informal, not adjudicatory. There is no requirement for the Board to hear the evidence. "The statute and the underlying legislative history do not contemplate a full blown hearing complete with witnesses, formal rules of evidence and representation by counsel." (*Sommerfield v. Helmick* (1997) 57 Cal.App.4th 315, 321.)

---

[3]    The statute was reenacted effective January 1, 2012 with no material change as sections 26305 and 26320.

The administrative mandamus statute applies "[w]here the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer." (Code Civ. Proc., § 1094.5, subd. (a); see Abbott and Giovinco, *Administrative Mandamus*, 1 Cal. Civil Writ Practice (Cont.Ed.Bar 4th ed. 2014) § 3.3, p. 47 (Abbott).) "The decisive question is whether the agency exercises an adjudicatory function in considering facts presented in an administrative hearing." (*Temescal Water Co. v. Department of Public Works* (1955) 44 Cal.2d 90, 101.) "Administrative mandamus is properly directed to formal adjudicatory proceedings and not to informal administrative actions." (*Wasco v. Department of Corrections* (1989) 211 Cal.App.3d 996, 1001.) Accordingly, petitioner is not entitled to seek relief by way of a writ of administrative mandamus.

Petitioner relies on *Sommerfield v. Helmick, supra,* 57 Cal.App.4th 315. But in that case, the court did not deal directly with whether mandamus is available to challenge a decision by a "good cause" panel. There is no indication of what procedures existed at the time of that decision or that petitioner did not have a fair hearing.

Traditional mandamus under Code of Civil Procedure section 1085 is applicable to review an adjudicatory hearing determination, when, as here, the three statutory requirements for administrative mandamus are not met. (See, e.g., *O.W.L. Foundation v. City of Rohnert Park , supra,*168 Cal.App.4th at p. 586; *DeCuir v. County of Los Angeles* (1998) 64 Cal.App.4th 75, 81; *Bunnett v. Regents of University of California* (1995) 35 Cal.App.4th 843, 848; Abbott, 1 Cal. Civil Writ Practice, *supra,* at § 3.3, p. 47; § 3.8, p. 52.)

Accordingly, traditional writ review is available to petitioner.

9

## C. Procedures

Petitioner complains that the panel did not set forth any findings. But there is no requirement that it do so.

## D. Inadequate Record

The trial court stated that the record and evidence are not sufficiently complete for purposes of meaningful review. Petitioner has not set forth the evidence submitted to the panel by him or the Department. The record does not contain any documents as to why his ability to carry a concealed weapon was revoked. He does not set forth any evidence not provided the panel that related to any issue of fairness. Thus, petitioner did not submit a sufficient record in the trial court for purposes of review by way of traditional mandamus.

## E. Sufficient Evidence

Even if we reviewed the available evidence, it is sufficient to support the judgment. Section 26305, subdivision (b) provides that the denial of a permit to a retired peace officer to carry a concealed weapon is appropriate if that officer has violated any departmental rule or state or federal law that "if violated by an officer on active duty, would result in that officer's arrest, supervision, or removal from the agency." Petitioner received a Notice of Adverse Action dismissing him for violating a section of the Department of Youth Authority Administrative Manual in effect at the time. Petitioner and the Department settled the matter with the Department agreeing not to seek to overturn the reduction of the dismissal to a demotion. Petitioner retired. He had violated a Department rule that would result in a removal from the agency. A settlement to avoid the removal does not mean that the provision is not applicable. It is the violation that can result in the denial of a permit—not the adjudication of a violation. (See *Sommerfield v. Helmick, supra,* 57 Cal.App.4th at p. 322.)

10

Petitioner argues that the literal language of section 26305, subdivision (A), means that a permit can be denied to a retired peace officer only if he violates a law when retired. Such a reading means that an officer who commits a violation of law before retirement could not be denied a permit. This is an interpretation that would lead to absurd results and thus should not be so interpreted. (See *Gilbert v. Chiang* (2014) __ Cal.App.4th __ [2014 WL 2919330]; see also *Sommerfield v. Helmick, supra,* 57 Cal.App.4th 315 [denied based on actions before retirement].)

Thus, there was sufficient evidence supporting the good cause determination to deny petitioner a concealed weapons permit and supporting the judgment under the applicable standards of review.

## DISPOSITION

The judgment is affirmed. Defendant is awarded its costs.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.

11