Filed 12/10/21  P. v. Thietje CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>WILLIAM ROY THIETJE,<br><br>  Defendant and Appellant. | C090128<br><br>(Super. Ct. No. 12F7786)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on November 17, 2021, be modified as follows:

On page 2, second full paragraph, remove footnote 2.

This modification does not change the judgment.

1

The petition for rehearing is denied.


FOR THE COURT:


_____/S/_____
RAYE, P. J.


_____/S/_____
ROBIE, J.


_____/S/_____
MAURO, J.

Filed 11/17/21  P. v. Thietje CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C090128 |
| v. | (Super. Ct. No. 12F7786) |
| WILLIAM ROY THIETJE, | |
| Defendant and Appellant. | |

A jury convicted defendant William Roy Thietje of second degree murder (based on the provocative act murder doctrine), assault with a deadly weapon, hit and run, corporal injury to a cohabitant, assault with force likely to cause great bodily injury,

1

and false imprisonment by violence. The trial court sentenced defendant to a determinate term of 16 years four months and an indeterminate term of 15 years to life in prison. This court affirmed the judgment. (*People v. Thietje* (June 19, 2018, C078175) [nonpub. opn.] (*Thietje*).)

In 2019, defendant filed a petition for resentencing under Penal Code section 1170.95 and requested the appointment of counsel.[1] The trial court denied the petition without appointing counsel or affording an opportunity for further briefing, finding that defendant failed to make a prima facie showing of eligibility for resentencing.

Defendant now contends (1) Senate Bill No. 1437 (2017-2018 Reg. Sess.) effectively abolished the provocative act murder doctrine; (2) the trial court did not follow the procedure set forth in section 1170.95 because it did not appoint counsel or allow briefing from the parties; (3) the trial court erred in considering this court's prior opinion on direct appeal in denying defendant's petition for resentencing; and (4) equal protection principles require that Senate Bill No. 1437 be applied to provocative act murder convictions.[2]

We conclude that defendant's petition did not comply with section 1170.95, subdivision (b)(1) and defendant cannot aver that he is eligible for relief under section 1170.95, as required under subdivision (b)(1), because, as he concedes, he was not convicted of felony murder or murder under a natural and probable consequences theory. Accordingly, we need not address his claim that the trial court erred in considering this

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant argued in his appellate opening brief that persons convicted of provocative act murder are entitled to relief under section 1170.95 But he concedes in his appellate reply brief that section 1170.95 does not apply to provocative act murder convictions.

court's prior opinion on direct appeal. His other claims have no merit. We will affirm the order denying his petition for resentencing.

BACKGROUND

We grant the People's request to take judicial notice of the nonpublished opinion in defendant's prior appeal. (Evid. Code, §§ 452, subd. (d), 459.) Among other things, that opinion said defendant "deliberately drove a van into the back of his exgirlfriend's unoccupied car, propelling the car toward a group of people and provoking one of those persons to fire a shotgun into the van, killing defendant's associate." (*Thietje, supra*, C078175.)

After this court affirmed defendant's convictions, defendant filed a petition for resentencing pursuant to section 1170.95, averring that (1) a complaint or information was filed against him that allowed the prosecution to proceed under a theory of provocative act murder; (2) at trial, he was convicted of first or second degree murder pursuant to the provocative act murder doctrine; and (3) he could not now be convicted of second degree murder because of changes made to sections 188 and 189 effective January 1, 2019. Defendant asked the trial court to appoint counsel to represent him.

Defendant crossed out language on the form petition stating that a complaint or information was filed against him that allowed the prosecution to proceed under the felony-murder rule or the natural and probable consequences doctrine and that at trial, he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine. He did not check the box on the form petition averring that he was not a major participant in the underlying felony or did not act with reckless indifference to human life during the course of the crime.

The trial court denied the petition. It said Senate Bill No. 1437 did not change punishments for major participants who acted with reckless indifference to human life, or for principals who committed murder with malice aforethought. It noted that the trial judge instructed on provocative act murder using CALCRIM No. 560, which required

3

findings that defendant intentionally did a provocative act and knew that the natural and probable consequences of the provocative act were dangerous to human life and then acted with conscious disregard for life. It further noted that according to this court's decision in the prior appeal, the evidence permitted a rational jury to find that defendant acted with malice. Based on the above, the trial court said defendant failed to make a prima facie showing of eligibility for relief under section 1170.95.

## DISCUSSION

### I

Defendant claims the amendment to section 188 under Senate Bill No. 1437 effectively abolished the provocative act murder doctrine.

Senate Bill No. 1437, which became effective on January 1, 2019, restricted the application of the felony-murder rule and the natural and probable consequences doctrine, as applied to murder, by amending sections 188 and 189. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247-249.) Prior to the enactment of Senate Bill No. 1437, "a defendant could be convicted of murder ' " 'when the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony . . . .' " ' [Citation.] . . . '[f]elony-murder liability d[id] not require an intent to kill, or even implied malice, but merely an intent to commit the underlying felony.' [Citation.]" (*People v. Lee* (2020) 49 Cal.App.5th 254, 261, review granted July 15, 2020, S262459 (*Lee*).) But Senate Bill No. 1437 added section 189, subdivision (e) to now provide that felony murder requires proof that "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] [Or] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

4

Senate Bill No. 1437 also eliminated liability for murder under the natural and probable consequences doctrine. (*People v. Offley* (2020) 48 Cal.App.5th 588, 595.) Under that doctrine, a person who knowingly aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted of not only the target crime but also of the resulting murder, irrespective of whether he or she harbored malice aforethought. (*People v. Gentile* (2020) 10 Cal.5th 830, 843-845; *Offley,* at p. 595.) However, Senate Bill No. 1437 amended section 188 to provide that "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Provocative act murder is also a theory of murder liability. (*People v. Concha* (2009) 47 Cal.4th 653, 663 (*Concha*).) But Senate Bill No. 1437 makes no reference to provocative act murder. (Stats. 2018, ch. 1015, §§ 1-5.) The provocative act murder doctrine is different from the felony-murder rule and the natural and probable consequences doctrine. (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654 (*Gonzalez*); *People v. Johnson* (2020) 57 Cal.App.5th 257, 261, 267-268 (*Johnson*) [rejecting argument that Senate Bill No. 1437's amendment of section 188 made provocative act murder a subset of the natural and probable consequences doctrine]; *People v. Swanson* (2020) 57 Cal.App.5th 604, 612-613, 616-617, review granted February 17, 2021, S266262 (*Swanson*) [rejecting claims that provocative act murder was a subset of the natural and probable consequences doctrine and that the changes effected by Senate Bill No. 1437 applied to provocative act murder convictions because first degree provocative act murder was inextricably intertwined with the felony-murder rule]; *Lee, supra*, 49 Cal.App.5th at pp. 263, 266, review granted [rejecting claim that provocative act murder was a combination or subset of felony murder and/or natural and probable consequences murder].)

Provocative act murder has a physical and a mental element. (*Gonzalez, supra*, 54 Cal.4th at p. 655.) The physical element is satisfied when the defendant or an accomplice intentionally commits a provocative act that proximately causes an unlawful killing. (*Ibid.*; see also *People v. Mejia* (2012) 211 Cal.App.4th 586, 602 (*Mejia*).) The felony-murder rule and the natural and probable consequences doctrine do not contain the same element. (See CALCRIM Nos. 402 and 540C.) In addition, in contrast with the felony-murder rule, which applies to killings committed by the defendant or his or her accomplice (*Gonzalez,* at p. 654), the provocative act doctrine applies to killings committed by the victim or a third party (*ibid.*; *People v. Bell* (2020) 48 Cal.App.5th 1, 11).

With regard to the mental element for provocative act murder, the defendant must personally harbor malice aforethought. (*Gonzalez, supra*, 54 Cal.4th at p. 655; *Concha, supra*, 47 Cal.4th at p. 663 [explaining that the defendant's liability for provocative act murder is fixed in accordance with his or her criminal mens rea]; *People v. Cervantes* (2001) 26 Cal.4th 860, 872, fn. 15 [same]; *Mejia, supra*, 211 Cal.App.4th at pp. 603-604 [stating that under provocative act murder, a defendant cannot be vicariously liable for the mens rea of his accomplice in the underlying crime].) In comparison, prior to the enactment of Senate Bill No. 1437, felony murder and natural and probable consequences murder did not require express or implied malice. (*Lee, supra*, 49 Cal.App.5th at pp. 261, 264, review granted; *Swanson, supra*, 57 Cal.App.5th at pp. 610-611, review granted.)

Senate Bill No. 1437 was enacted to ensure that an offender is punished "according to his or her own level of individual culpability." (Stats. 2018, ch. 1015, § 1, subd. (d).) Because it requires proof that the defendant acted with implied malice, the provocative act murder doctrine is consistent with Senate Bill No. 1437's stated goal and it survives the amendment to section 188 under Senate Bill No. 1437. (Compare to CALJIC No. 8.12 (Fall 2019 ed.) p. 610.)

6

Defendant asserts that provocative act murder permits a trier of fact to impute malice to the defendant based on his or her participation in a nonlethal crime, but under the amended section 188 malice cannot be imputed to a defendant based solely on his or her participation in a crime. He also contends that provocative act murder permits a trier of fact to impute malice to the defendant based on the actions and intent of the victim or a third party.

Malice aforethought may be express or implied. (*Gonzalez, supra*, 54 Cal.4th at p. 653.) "Express malice is an intent to kill. [Citation.] Implied malice does not require an intent to kill. Malice is implied when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses." (*Ibid.*) Malice may be implied from the defendant's provocative act. (*Id.* at p. 655; *Concha, supra*, 47 Cal.4th at p. 662.) "[C]ircumstances set in motion by the defendant which are fraught with grave and inherent danger to life are sufficient to constitute a provocative act that allows a jury to raise an inference of malice." (*People v. Briscoe* (2001) 92 Cal.App.4th 568, 583.) Here, contrary to defendant's assertion, malice is implied from the defendant's provocative act, and not from a victim or third party's act. Moreover, malice is not based solely on the defendant's participation in the underlying crime but because the defendant willfully and knowingly committed life-endangering acts with conscious disregard for the danger to life that the act posed. (*Johnson, supra*, 57 Cal.App.5th at p. 268.)

As stated in this court's prior opinion on direct appeal, the trial court instructed the jury that a conviction for murder under the provocative act doctrine required proof that defendant knew the natural and probable consequences of his provocative act were dangerous to human life and then acted with conscious disregard for life and that defendant intentionally committed an act whose natural and probable consequences were dangerous to human life because there was a high probability that the act would provoke

a deadly response. (*Thietje, supra*, C078175.) Under the instructions given, the jury could not have convicted defendant of murder without finding that he acted with implied malice. Because the jury necessarily found that defendant acted with malice aforethought when it convicted defendant of provocative act murder, defendant could still be convicted of first or second degree murder under the changes made pursuant to Senate Bill No. 1437 and he is, also for that reason, not eligible for relief under section 1170.95. (§ 1170.95, subd. (a)(3).)

In a related argument, defendant says he was entitled to have appointed counsel argue that his provocative act murder conviction was invalid because of changes to section 188. He adds that malice was improperly imputed to him based on the victim's behavior and intent. We reject defendant's claims for the reasons we have stated. Defendant also asserts that his actions did not invite the use of deadly force. Defendant fails to demonstrate he is entitled to relitigate the sufficiency of the evidence claims raised in his prior appeal. (*Thietje, supra*, C078175.)

II

Defendant contends the trial court did not follow the procedure set forth in section 1170.95 because it did not appoint counsel or allow briefing from the parties.

The California Supreme Court recently held that section 1170.95 petitioners who file a facially sufficient petition requesting counsel must receive counsel upon the filing of the petition, and only after the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether the petitioner makes a prima facie showing of entitlement to relief under section 1170.95. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 961-963, 966-967 (*Lewis*).) We conclude that the trial court did not err in denying defendant's petition because defendant did not file a facially sufficient petition.

Section 1170.95 provides a procedure for persons convicted of felony murder or murder under a natural and probable consequences theory to "file a petition with the court

8

that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Section 1170.95, subdivision (b)(2) sets out an initial review process for such a petition. (*Lewis, supra,* 11 Cal.5th at p. 962.) Under subdivision (b), the trial court determines whether the petition contains the information required under section 1170.95, subdivision (b)(1): "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] [And] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) In sum, subdivision (b)(1) requires a declaration by the petitioner that a complaint, information or indictment was filed against him or her that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. (§ 1170.95, subds. (a)(1), (b)(1).)

Defendant crossed out language on the form petition stating that a complaint or information was filed against him that allowed the prosecution to proceed under the felony-murder rule or the natural and probable consequences doctrine. Instead, he averred that a complaint or information was filed against him that allowed the prosecution to proceed under a theory of provocative act murder. Because his petition did not include a declaration that complied with section 1170.95, subdivision (b)(1), defendant did not file a facially sufficient petition.

9

If any of the required information "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).) But defendant cannot aver that he is eligible for relief under section 1170.95 based on all of the requirements of section 1170.95, subdivision (a), as required under subdivision (b)(1). This is because, as he concedes on appeal, defendant was not convicted of murder under the felony-murder rule or the natural and probable consequences doctrine; he was convicted of murder based on the provocative act doctrine. And as defendant also concedes, section 1170.95 does not apply to provocative act murder convictions. Section 1170.95 does not authorize persons convicted of murder under the provocative act doctrine to file a petition for resentencing. (§ 1170.95, subd. (a) ["A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition . . . ."]; *Swanson, supra,* 57 Cal.App.5th at pp. 608, 612, review granted; *Johnson, supra,* 57 Cal.App.5th at pp. 261, 266-268; *Lee, supra,* 49 Cal.App.5th at pp. 257-258, 263, review granted.) Additionally, section 1170.95 only applies when, among other things, the petitioner could not be convicted of first or second degree murder because of changes made under Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).) But for reasons we have stated in the preceding section, the statutory changes made pursuant to Senate Bill No. 1437 would not affect defendant's second degree murder conviction. We will affirm the order denying the petition. Because we conclude that defendant's petition was not facially sufficient, we do not consider his contention that the trial court erred in considering the opinion on direct appeal in denying his petition.

We deny defendant's request for judicial notice of an August 28, 2018 letter from the Judicial Council of California to Senator Nancy Skinner, one of the authors of Senate Bill No. 1437, and a September 13, 2018 letter from the Judicial Council of California to then Governor Edmund G. Brown, Jr. There is no showing that the Judicial Council's

10

letters were considered by the Legislature as a whole.  (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 39.)  The letter to the Governor was sent after Senate Bill No. 1437 was enacted by the Legislature, and consequently cannot shed any light on the Legislature's intent.  (*Alfaro v. Superior Court* (2020) 58 Cal.App.5th 371, 388, fn. 16; *Witt Home Ranch, Inc. v. County of Sonoma* (2008) 165 Cal.App.4th 543, 558, fn. 8.)

## III

In addition, defendant claims equal protection principles require that Senate Bill No. 1437 be applied to provocative act murder convictions.

" 'The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally.  [Citation.]  Accordingly, " '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.' "  [Citation.]  "This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " ' "  (*People v. Valencia* (2017) 3 Cal.5th 347, 376.)  "If persons are not similarly situated for purposes of the law, an equal protection claim fails at the threshold."  (*People v. Buffington* (1999) 74 Cal.App.4th 1149, 1155.)

For purposes of the objective of Senate Bill No. 1437 "to more equitably sentence offenders in accordance with their involvement in homicides" (Stats. 2018, ch. 1015, § 1, subd. (b)), those convicted of provocative act murder and persons convicted of felony murder or murder under the natural and probable consequences doctrine are not similarly situated.  (*Johnson, supra*, 57 Cal.App.5th at pp. 270-271.)  Unlike persons convicted of felony murder or murder under the natural and probable consequences doctrine, persons convicted of provocative act murder personally harbored the mental state of malice.  (*Ibid.*)  Because the threshold inquiry is not established, we need not consider whether

11

the exclusion of provocative act murder convictions from resentencing under Senate Bill No. 1437 passes the strict scrutiny or rational relationship test.

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.


_____/S/_____
MAURO, J.


We concur:


_____/S/_____
RAYE, P. J.


_____/S/_____
ROBIE, J.